54 237
83a 444

REBECCA BOWLES, Administratrix,

*v.*

DAVID LAMBERT *et al.* Administrators.

CONTRACT. An action was brought upon a writing as follows: "I owe the estate of Zenas Warden $190.15. May 13, 1863." It appeared the party whose name was signed thereto had been in the habit of giving similar papers to those who had accounts with him, as statements merely of their accounts, and not as promissory notes, and as there was no payee named, it was inferred the writing was intended, not as a promissory note,

but only as a statement of the balance of his account at that time with the estate of Warden, and it was given effect accordingly.

APPEAL from the Circuit Court of Gallatin county; the Hon. ANDREW D. DUFF, Judge, presiding.

This was an action of assumpsit, brought by the administrators of Zenas Warden, deceased, against the administratrix of Joseph Bowles, deceased, upon the following writing:

"I owe the estate of Zenas Warden one hundred ninety 15-100 dollars.   May 13, 1863.
                                        "JOSEPH BOWLES."

The bookkeeper of Bowles testified that a settlement of accounts was had between Bowles and the then sole administratrix of Warden's estate, one of the plaintiffs, on the twenty-seventh of August, 1863, and a note was given for the balance upon the books found to be due the estate, as follows:

                    "BOWLESVILLE, ILL., August 27, 1863.
$174.57.   One day after date I promise to pay Mrs. Emily Warden, administratrix of the estate of Zenas Warden, dec'd, one hundred seventy-four and 57-100 dollars, value received.
                                        "JOS. BOWLES."

The witness testified that this note had been fully paid, the last payment upon it being made March 19, 1864.   The administratrix made no claim of any other matter due her, either when the note was given or when it was paid.

The witness stated further, that Bowles operated a coal mine and run a store, and was in the habit of giving statements of account to those he had dealings with, on application, which statements were usually in about these words, "I owe you (so much)," and signed his name to them.   He never regarded these statements as notes or obligations, and never took them

in on final settlement with parties who held them; had himself settled for Bowles with persons who held such statements and did not take them up.

*Charles R. Forns* testified for the defendant, that, in the spring of 1864, he called on Mrs. Warden, who was then administratrix of Warden's estate, to buy a horse on credit, and told her he supposed she did not need the money then, as she had money coming to her from Bowles, at the mines, and she replied, that she had collected all that was due from Mr. Bowles, and that she must have the money for the horse.

The trial resulted in a judgment for the plaintiffs for $250.40. The defendant thereupon appealed.

Mr. CHARLES BURNETT and Mr. WILLIAM THOMAS, for the appellant.

Mr. WILLIAM G. BOWMAN, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellees against appellant, as administratrix, on this instrument: " I owe the estate of Zenas Warden one hundred and ninety dollars 15-100. May 13, 1863.   Joseph Bowles."   On a trial in the court below, plaintiffs recovered a judgment for $250.40, which was to be paid in due course of administration from newly discovered assets.   Defendant appealed, and has brought the record to this court.

It appears from the evidence that Bowles, in his life time, was in the habit of giving to those who had accounts with him similar papers as statements, merely, of their accounts, and not as promissory notes; and inasmuch as there is no person named in this instrument as payee, we infer that it was intended only as a statement of the balance of his account with the estate of Warden.  (It was evidence that Bowles then owed

the estate the sum specified therein. If it was not a promissory note, but merely a statement of the account, the subsequent settlement and the giving of the note for $174.57 operated to cancel it, as the amount named in it must have been taken into account in the settlement. This instrument is widely different from the note subsequently given. That has all the forms requisite to clearly indicate that it was intended as a note, while the instrument sued upon has the form only of a mere memorandum of the balance of the account.

Again, Mrs. Warden stated to Forns in 1864, when he proposed to purchase a horse of her, that Bowles owed her nothing; and the note given to her as administratrix by Bowles the following August, was paid in full in 1864, and the clerk who paid it for Bowles states that she made no claim at that time, or when the note was given, that any other sum was due. When it is remembered that this is claimed as owing to the estate, and as the note was not suffered to remain unpaid for any great length of time, we can hardly believe that, had this instrument been regarded as a note and the sum unpaid, it would have been suffered to remain such a length of time without an effort for its collection. We are, therefore, of opinion that the evidence fails to sustain the verdict, and the court below should have granted a new trial. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*