PETER TITTLE, Administrator, &c., Plaintiff in Error, *v.* A. W. THOMAS et al., Defendants in Error.

1. PROMISSORY NOTE: PAYEE.—Where a bill or note is not payable to bearer, it must show on its face who is to be the payee, either expressly and formally by name, or by such designation as certainly identifies the person intended ; otherwise the instrument is not a bill or note. Story on Prom. Notes, §§ 35, 36 ; Bayley on Bills, 29, 30.

2. SAME.—It is essential to the validity of an instrument, as a promissory note, that the payee should be clearly expressed on its face.

3. SAME.—An instrument in the following words, "July 4th, 1850 : Twelve months after date, we promise to pay *to the estate of Benjamin Thomas, deceased,* eighteen hundred and sixty dollars, value received," was decided to be invalid, as a promissory note, for want of a sufficient designation of the payee.

IN error from the Circuit Court of Chickasaw county. Hon. Phineas T. Scruggs, judge.

*C. B. Baldwin,* for plaintiffs in error.

The name of the payee need not be inserted on the face of the note, and if it can be ascertained from the designation given, who

was intended by the term used, it will suffice. Story on Notes, 40, § 36, and note 2, and authorities there cited. By the policy of our laws, the custody of every estate is in an administrator or executor, until distribution or payment; the distributee, legatee, or creditor, has no title thereto. Then the term estate, as here used, can mean only the legal custodian of that estate, *the administrator.*

· A note made payable to a fictitious person, good. Bail. on Bills, 28, and note; 3' Hill. 112. The term used in this case is stronger than if the name of a person not in existence had been inserted, and from it the payee can be more easily identified.

A bill drawn on " a house," no person named—*good.* Chit. on Bills, 139. Commercial houses are frequently known by some arbitrary name—the cognomen of no member of the firm trading under that appellation; a bill drawn on the house by its assumed name, does not designate the persons who compose the commercial firm with more certainty than does " estate of B. T. deceased," designate the administrator of that estate—the temporary proprietor thereof, who has just before the execution of the note exercised the highest and most public act of ownership, by the sale of the negro property at public outcry.

A state may be the payee of a promissory note, 6 Hill, 33. From the face of the note, can you tell more easily what officer is entitled to receive payment, for the state, than you can in the case now presented ?

A note payable to " the administrator of a particular estate," good. *Moody* v. *Threlkeld,* 13 Geo.—R. 55. There may be as many administrators of an estate as there are states in the Union, or distinct governments in the world, but there is only one person entitled to collect the assets of an estate in each state. So the note in the recent Georgia case, was more defective than this.

ı  In 2 American Leading Cases, 176, where the cases are reviewed, the editors say : " There are many forms of indicating the payee, which, though apparently uncertain or unmeaning, are as good as payable to bearer." Thus, in *Green* v. *Davies,* 4 Barn. & Cress. 235, (10 E. C. L. R.): " Received of A. B. L., which I promise to pay on demand," was declared to be a good note, as the pre-

sumption was, that the payee intended, was the person from whom the money was received.

In $\frac{6}{8}$ Hill, 59, a note payable to whoever should thereafter indorse it, was held sufficiently definite.

In *Prescott* v. *Chapman,* 6 Ala. R. 86, a bill without expressing any payee, or blank therefor, was held good. In 2 Am. L. Cases, 176, the editors use this guarded language, in stating the necessity of a payee: "It is said" there must be, &c. ; and in *Woodfolk* v. *Leslie,* N. & M. (S. C.) R., the definition of a note is given to be, "any written promise to pay money unconditionally." If this be full, then no payee need be expressed to give effect to the note.

From the cases and authorities cited, it is confidently believed, that the court below erred, in declaring the note now ruled on void.

*Fontaine* and *Bradford,* for defendants in error, filed no brief.

HANDY, J., delivered the opinion of the court.

This was an action brought by the plaintiff in error upon a promissory note made by the defendants in error.

The allegations of the petition are, that the defendants, on the 4th July, 1850, made their promissory note, whereby they then and there promised to pay to "*the estate of Benjamin Thomas, deceased,*" twelve months after that date, the sum of $1860.50 for value received, and had not paid the same, demanding judgment for the principal, interest, and costs, and making *profert* of the letters of administration, of the estate of the intestate, granted to the plaintiff by the proper court.

The defendants pleaded two pleas, to which the plaintiff demurred, and which were held to be sufficient to bar the action. Leave was thereupon given to the plaintiff to amend his complaint or declaration, by which it appears that the plaintiff's demurrer was extended back to his declaration. No amendment was made, and judgment was then rendered for the defendants.

The question for determination under this state of the case is, whether the declaration showed a good cause of action, and this depends upon the question whether the cause of action, as it is stated in the declaration, is in law a promissory note.

Tittle *v*. Thomas et al.

It is one of the cardinal rules, in relation to the validity of a written instrument as a promissory note, that the person, or body corporate or politic, to whom it is payable, should be clearly expressed upon its face. Such a party must be distinctly shown by the paper. And though it is not necessary that the name of the payee should expressly appear on the face of the note, it is indispensable that the designation be such, that from it the person can be certainly ascertained. Story, Prom. Notes, §§ 35, 36. Under this qualification of the rule, a note made payable to the order of a person named on the face of it, has been held valid; and a note payable on its face to a party not *in esse*, and purporting to be indorsed in blank by the payee, has been held to be valid, as a note payable to bearer. But in these and in all similar cases, the instrument either shows formally upon its face to whom it is payable, or gives the power of appointing to whom it shall be paid, to a designated person, or is payable to bearer. And the rule is laid down by Bayley to be, that "where the bill or note is payable otherwise than to the bearer, it must show who is to be the payee," and "if no person is named as payee, the instrument is not a bill or note." Bayley on Bills, 29, 30. And further, that "uncertainty as to the person to whom the payment shall be made, will prevent the instrument from being a bill or note," unless it be payable to bearer. Ib.

A case has been cited by counsel, in 13 Geo. R., where a note payable to the *administrator of a specified estate*, was held a valid note, and we think with good reason, because, by the designation, a *person* was mentioned who could be readily ascertained.

But we have been able to find no case which would sanction the instrument in this case, as a valid promissory note. It shows the name of no *person* to whom it is to be paid, nor can it be certainly fixed, from its terms, who is entitled to receive payment. "The estate of Benjamin Thomas, deceased," is neither a person, nor a body corporate or politic, nor do the terms point with legal certainty to any person. If they have reference to any person or persons interested in the estate of the deceased, it is wholly uncertain whether they were intended to apply to the administrator or to the distributees of the estate, or to the parties entitled to his

real estate; and this uncertainty can only be explained by the introduction of parol evidence as to the intention of the makers, which would not be admissible.

We think, therefore, that the court acted properly in extending the demurrer to the declaration, and in giving judgment for the defendants.

The judgment is affirmed.