JOHN D. NOXON & another, trustees, *vs.* HANNAH E. SMITH.

Berkshire. Sept. 9. — Oct. 27, 1879. ENDICOTT & LORD, JJ., absent.

A promissory note, payable to "the trustees" of a church "or their collector," is not regotiable; and an action thereon cannot be maintained by a part only of the trustees.

CONTRACT on a promissory note for $333, dated Great Barrington, March 10, 1870, payable to "the trustees of the Methodist Episcopal Church or their collector," and signed by the defendant. Answer, a denial that the plaintiffs could maintain the action; and want of consideration. The case was submitted to the Superior Court, and, after judgment for the plaintiffs, to this court on appeal, on an agreed statement of facts, which, after stating that the pleadings might be referred to, was in substance as follows:

There is and has for a long time been a religious corporation at Great Barrington called the Methodist Episcopal Church, of which the defendant was a member at the time of the giving of the note in suit. The financial and business affairs of the church are entrusted to a board of trustees who are elected annually. The trustees of the church, when the note in suit was given, were five in number including the two plaintiffs, who were of the trustees at the time of bringing this action, and were at the time of bringing this action a collection committee authorized by the board of trustees to collect said note by suit or otherwise. The church for many years has owned and occupied a meeting-

house in Great Barrington, and a few years prior to the date of the note made additions to and repairs upon the meeting-house. After the additions and repairs were completed, the means provided therefor were found to be insufficient, and the church was left in debt. After the debt had stood for some time, and until February 1, 1869, it was proposed by persons, who were members of the church or interested therein, to raise money by subscription to pay off the debt, or to obtain the promise of money for that purpose, and a subscription paper was drawn up and different persons subscribed thereto in various sums, some paying their subscriptions in money and some giving notes therefor; and it was the duty of the board of trustees for the time being to pay the money received from the subscriptions and the money from time to time collected on the notes, in discharge of the indebtedness of the church. The defendant subscribed for said purpose the sum of $500, and, having paid a part of that sum in money, gave the note in suit for the balance, upon which she has made payments from time to time of principal and interest, which were indorsed on the note. No other consideration was given or received for the note than is shown by the above facts.

*B. Palmer & H. C. Joyner*, for the plaintiffs.

*J. Dewey*, for the defendant.

SOULE, J. The instrument sued on is properly described as a promissory note. Though it purports to be payable to "the trustees of the Methodist Episcopal Church or their collector," the payee is not therefore uncertain, and the instrument does not come within the class of cases in which instruments otherwise in the form of promissory notes are held not to be promissory notes because made payable in the alternative to either of two persons named. *Osgood* v. *Pearsons*, 4 Gray, 455. That rule applies to cases in which, so far as the instrument shows, the two persons named as alternative payees are strangers to each other. It does not apply when the instrument discloses the fact that one of the two persons named is named as agent for the other to receive the money. *Holmes* v. *Jaques*, L. R. 1 Q. B. 376. In the case at bar, it is evident that "their collector" is merely a person authorized by the payee to receive the money in its behalf.

The note is not negotiable, and it is not payable to the plaintiffs. They have no beneficial interest in it, are not personally named as payees, and are not "the trustees" of the church, but only a part of them, and they cannot maintain the action. *Wiggin* v. *Cumings*, 8 Allen, 353. In this view of the case, it is unnecessary to consider the other questions which were raised at the argument. *Judgment for the defendant.*