## MICHAEL PELTIER v. JOHN BABILLION.

*Promissory note payable to estate.*

A note made payable to the "order of J. V. Mehling estate," and indorsed by the sole legatee who was also executrix, was *held* valid and payable to the proper representative of the estate.

In an action on the common counts by the indorsee of a note made payable to a specified estate and indorsed by the sole legatee and executrix, its negotiability is unimportant, because, if negotiable, it is indorsed by one who is presumed to hold the title to the estate, and if not, the assignee, under Michigan statutes, can sue on it in his own name.

Error to Macomb.   Submitted Jan. 14.   Decided Jan. 26.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*Crocker & Hutchins* for plaintiff in error.

*Edgar Weeks* for defendant in error.   Promissory notes have been held good when made payable to M. K. "or heirs:" *Knight v. Jones* 21 Mich. 161; to "St. Bt. Juda and owners:" *Moore v. Anderson* 8 Ind. 18; to "the estate of E., deceased:" *M'Kinney v. Harter* 7 Blackf. 385; to the "administrator of A.'s estate:" *Moody v. Threlkeld* 13 Ga. 55; *Adams v. King* 16 Ill. 169; to "R. C., guardian of E. N:" *Bingham v. Calvert* 13 Ark. 399; to "the heirs of A." who was still living: *Bacon v. Fitch* 1 Root 181; to "the trustees acting under the will of A.:" *Megginson v. Harper* 2 C. & M. 322.

CAMPBELL, J.   Babillion sued Peltier in the circuit court for the county of Macomb, on the common counts, and appended a notice that the plaintiff would give in evidence, under the money counts, a promissory note, a copy of which was appended.   This note was in the usual form, for $370 and interest at 8 per cent., dated October 7, 1878, and payable one day after date to the "order of J. V. Mehling estate," at store 28 and 30, Michigan Grand avenue, Detroit.   This was

indorsed by Sophia Mehling, sole legatee of John V. Mehling. It appears that she is also executrix. The circuit court gave judgment on it.

The only question presented by the argument for plaintiff in error, and therefore the only one we need notice, is that this instrument contains no payee, and is not a negotiable promissory note.

Inasmuch as the declaration contains no special count, the negotiable quality of the paper, if valid, does not seem to us important. If not negotiable the assignee can, under our statute, sue in his own name. If negotiable, it is not claimed that Mrs. Mehling, being both executrix and sole legatee, does not hold the title of the estate.

We think that this note was a valid instrument, and payable to the proper representative of the estate. Such was the manifest intent of the parties, and there is no legal reason that we can discover to the contrary. There is no uncertainty about the intent, and there has been no change in the representative.

The judgment must be affirmed with costs.

The other Justices concurred.