## A. C. SHAW *vs.* LOMAN A. SMITH.

Hampshire.    September 17, 1889. — November 27, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Attested Promissory Note — Payee — Statute of Limitations.*

An administrator was appointed of the estate of F. B. B., deceased, and subsequently an instrument, containing a promise to pay money on demand with interest, signed by the maker and witnessed, was made payable to "F. B. B.'s estate or order." *Held,* that the payee was sufficiently definite to render it a valid promissory note; and that the administrator might, under the Pub. Sts. c. 197, §§ 6, 7, bring an action upon it at any time within twenty years.

CONTRACT by the administrator *de bonis non* of the estate of Frederick B. Bridgman, against the administrator of the estate of Eugene Bridgman, upon the following instrument:

"$126.00.    Belchertown, July 19, 1873.    For value received, I promise to pay F. B. Bridgman's estate, or order, one hundred and twenty-six dollars on demand, with interest annually. Eugene Bridgman.    Witness: A. Bridgman."

Writ dated March 13, 1886. The answer set up, among other defences, the statute of limitations.

At the trial in the Superior Court, before *Blodgett,* J., without a jury, there was evidence that the above instrument, which was offered in evidence, was duly signed by the defendant's intestate in the presence of the attesting witness; that before July 19, 1873, Frederick B. Bridgman had deceased, and administrators of his estate had been appointed; that before the date of the plaintiff's writ, such administrators had died; and that the plaintiff was duly appointed administrator of the estate.

The judge ruled that the instrument was not a witnessed promissory note, within the meaning of the statute, and was therefore barred by the statute of limitations, and found for the defendant; and the plaintiff alleged exceptions.

*R. W. Lyman,* for the plaintiff.

*C. L. Gardner,* for the defendant.

C. ALLEN, J. After providing that the ordinary limitation of actions of contract shall be six years, it is enacted in the Pub. Sts. c. 197, § 6, that "none of the foregoing provisions shall

apply to an action brought upon a promissory note signed in the presence of an attesting witness, if the action is brought by the original payee, or by his executor or administrator"; and by § 7, such an action may be brought within twenty years. The defendant contends that the instrument sued on is not a promissory note, for want of a sufficiently definite payee, and he cites two decisions which sustain him in this contention. *Lyon* v. *Marshall*, 11 Barb. 241. *Tittle* v. *Thomas*, 30 Miss. 122.

But this would be too strict an application of the doctrine that the person to whom a note is payable must be clearly expressed. It is an equally general rule, that it is sufficient if there is in fact a payee, who is so designated that he can be ascertained. Story on Notes, § 36. The illustrations of the manner in which this rule has been applied are numerous. Thus, written promises have been held to be valid notes or bills of exchange, though made payable to bearer; *Grant* v. *Vaughan*, 3 Burr. 1516; or to persons designated simply by their office, without naming them, e. g. the treasurer of the First Parish in H. or his successor in said office; *Buck* v. *Merrick*, 8 Allen, 123; the trustees of a particular church; *Noxon* v. *Smith*, 127 Mass. 485; *Holmes* v. *Jaques*, L. R. 1 Q. B. 376; the manager of the Provincial Bank of England; *Robertson* v. *Sheward*, 1 Man. & G. 511; the Treasurer General of the Royal Treasury of Portugal; *Soares* v. *Glyn*, 8 Q. B. 24; the executors of the late W. B.; *Hamilton* v. *Aston*, 1 C. & K. 679; the administrators of a particular estate; *Moody* v. *Threlkeld*, 13 Ga. 55; *Adams* v. *King*, 16 Ill. 169; the trustees acting under the will of the late Mr. W. B.; *Megginson* v. *Harper*, 2 Cr. & M. 322. Also to the heirs of a particular person, even though that person was living at the time; *Bacon* v. *Fitch*, 1 Root, 181; *Lockwood* v. *Jesup*, 9 Conn. 272; *Cox* v. *Beltzhoover*, 11 Misso. 142; to a business name adopted by the person in interest; *Bryant* v. *Eastman*, 7 Cush. 111; *Brown* v. *Parker*, 7 Allen, 337; and to the Steamboat Juda and owners; *Moore* v. *Anderson*, 8 Ind. 18. So, a bill which was indorsed to a person who was already deceased was held valid in the hands of his legal representatives. *Murray* v. *East India Co.* 5 B. & Ald. 204. More literally in point in the present case, and directly opposed to the two decisions relied on by the defendant, are *Peltier* v. *Babillion*, 45

Mich. 384, where a written promise payable to the order of
J. V. Mehling estate was held to be a good note, and *M'Kinney*
v. *Harter*, 7 Blackf. 385, which is substantially similar.    See
also *Storm* v. *Stirling*, 3 El. & Bl. 832; *S. C.* sub nom. *Cowie* v.
*Stirling*, 6 El. & Bl. 333; *Yates* v. *Nash*, 8 C. B. (N. S.) 581;
where a promise to the officer for the time being of a society
was held too indefinite, though the general rule as applied in
other cases was recognized.

In the case before us, the promise was to pay to F. B. Bridg-
man's estate, or order.    He was dead, and administrators had
been appointed.    There could be no doubt that the promise
was intended to be one of which the administrators could avail
themselves.    They were in existence, and were ascertainable.
If the administrators of his estate had been made the payees,
without naming them, there can be no shadow of question that
it would have been sufficient.    It savors of too much refinement
to hold that the instrument was not a valid promissory note for
want of a sufficiently definite payee.

This is the only question presented by the bill of exceptions.

*Exceptions sustained.*