Adolph Lewisohn, Respondent, *v.* The Kent & Stanley Company, Defendant.

William G. McGrath, Appellant.

*Attachment — sufficiency of the affidavit — a promissory note to the "estate of D. G. Littlefield" has a fictitious payee — statute law of another State — the original papers only considered on a motion to vacate an attachment.*

In an action brought to recover the amount due on an alleged promissory note it is enough, where a warrant of attachment has been granted, as regards the existence of a cause of action, that the plaintiff shows that he has a good cause of action on contract, and that he is entitled to recover a sum stated over and above all counterclaims known to him.

Where this essential proof is made the particular form of the contract obligation is immaterial.

A promissory note made "to the order of Estate of D. G. Littlefield" is a promissory note with a fictitious payee, and where it has been negotiated by the maker is deemed as against him to be a note payable to the bearer.

An affidavit to procure an attachment in which the plaintiff alleges that such a note was delivered to him, and that he is the owner and holder thereof, is a sufficient statement of a cause of action.

There is a presumption that the common law of the several States of the United States is similar, but no such presumption is indulged relative to the statute law of different States.

Where a motion to vacate an attachment is founded only upon the papers upon which the warrant was granted, no other papers can be used by the plaintiff to supply defects in the original papers. Hence it is erroneous to allow the plaintiff to read, upon the motion to vacate, a judgment roll into which the attachment has been merged.

Appeal by William G. McGrath, a subsequent lienor and junior attaching creditor, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of March, 1895, denying his motion to vacate an attachment granted in this action and vacating and setting aside a stay

*Britton Havens,* for the appellant.

*James F. Horan,* for the respondent.

O'Brien, J.:

A motion was made by a subsequent lienor and junior attaching creditor to vacate, upon the papers on which it was granted, a war-

rant of attachment issued in plaintiff's favor against defendant. The plaintiff, against objection, was permitted to read in opposition the judgment roll showing that his attachment had merged into a judgment. The two grounds urged upon this appeal for reversal are that it was error to permit the plaintiff in opposition to the motion to vacate to read and present the judgment roll in this action; and, second, that the affidavit upon which the warrant of attachment was granted was insufficient as not setting forth facts sufficient to establish a cause of action against the defendant.

In considering this second objection it is necessary to refer at length to the affidavit upon which the attachment attacked was based. After reciting the residence of the plaintiff and the non-residence of the defendant, and that the latter was indebted in a certain sum over and above all counterclaims, it reads as follows:

"The said indebtedness arose as follows: In the city of Pawtucket, Rhode Island, on or about the twelfth day of May, 1894, the defendant, for value received, made its certain promissory note in writing, dated on said day, wherein and whereby the defendant promised to pay, four months after the date thereof, to the order of Estate of D. G. Littlefield, the sum of ten thousand dollars, at First National Bank of Pawtucket, Rhode Island, and thereafter, before maturity, for a valuable consideration, duly delivered the said note to the said estate of D. G. Littlefield, which said estate thereafter duly indorsed the same, but without recourse as against the said estate of D. G. Littlefield, and for a valuable consideration delivered the same to James C. McCoy, who thereafter duly indorsed the same, but without recourse as against the said James C. McCoy, and for a valuable consideration delivered the same to the plaintiff herein, who is still the lawful owner and holder thereof." Then, omitting a statement as to where the second instrument was made, it in similar language states that defendant made its certain other promissory note.

It will thus be seen that the plaintiff bases his right to recover the sums specified from the defendant upon two alleged promissory notes made by the defendant to the order of the estate of D. G. Littlefield and delivered to the said estate, which said estate thereafter duly indorsed the same and delivered them to James C. McCoy, who thereafter duly indorsed and delivered the same to the

plaintiff. It is insisted that as there is no such legal entity as the estate of D. G. Littlefield, the alleged notes could not have been delivered to it, or indorsed or delivered by it, and that for this reason the instruments set forth are not promissory notes, they could not have been "indorsed," and such a statement without other facts is not an allegation of assignment of them to the plaintiff, nor would the title so pass to him as to enable him to recover upon them against the maker upon the facts alleged.

There is undoubted conflict in the authorities as to whether an instrument such as is here described is or is not a promissory note. Thus in Daniel on Negotiable Instruments (§ 100) it is said: " Where the writing ran, ' I owe the estate of A. B. $190,' it was held that no payee was sufficiently designated, and it was inferred under the circumstances to be a mere memorandum of a balance due. But it has been held that a note regular in form, payable ' to the estate of T. A. Thornton,' might be sued on by Thornton's personal representative. The contrary view, however, has been taken." But it is unnecessary for us to determine this conflict, because there are other considerations which we deem controlling as to the sufficiency of the affidavit.

The plaintiff was not bound to show that he had a cause of action upon the promissory note, but he was obliged to show that he had an action upon a contract; and in this connection it is immaterial whether an instrument is described in the affidavit as a promissory note, if sufficient facts are otherwise presented to justify the conclusion that the plaintiff had a good cause of action, and, therefore, it is unnecessary to determine whether the instrument is a promissory note, or an evidence of indebtedness, or an assignment of a contract to pay, the question being: Is there furnished evidence of a *prima facie* right in the plaintiff to recover as against the defendant? If the instrument described is a promissory note, then there is no question but that a good cause of action is set forth. If, however, we take the view most favorable to the appellant, that there is no such legal entity as the " Estate of D. G. Littlefield," it being alleged that the defendant, as the maker of the instrument described, for a valuable consideration, duly delivered said note to the said estate of D. G. Littlefield, which said estate thereafter duly indorsed the same, then we think it was a promissory note with a fictitious payee.

The question then presented is, what is the binding nature of such an instrument? Under our Revised Statutes it is provided that notes made payable "to the order of a fictitious person shall, if negotiated by the maker, have the same effect * * * as against the maker * * * as if payable to bearer." ·(4 R. S. [8th ed.] p. 2499, § 5.) It appearing, however, that this was an instrument made in Rhode Island and payable there, it is to be construed under the Rhode Island law, and in the absence of proof to that effect it will not be presumed that the statute law in that State and this is the same, though there is a presumption that the common law is the same in both States. An examination of the common law of this State on the subject, prior to the enactment of the provisions of the Revised Statutes quoted, will show that the statute but expresses such common law, and in accordance with the presumption that may be indulged in as to the similarity of the common law of both States, we think that thereunder a note payable to the order of a fictitious person, if negotiated by the maker, as against him, is equally as binding as though payable to bearer. That such is the construction to be given to such an instrument as the one under consideration we think is sustained, not only by decisions, but also by the best text writers. Thus, it is said in Daniel on Negotiable Instruments (§ 93): "By executing a promissory note, the maker engages to pay the amount therein named to the bearer, if it be payable to bearer; to the payee or order, if it be payable to a particular person or order. By the very act of engaging to pay to a particular payee he acknowledges his capacity to receive the money and also his capacity to order it to be paid to another. And, therefore, if the maker is sued by an indorsee of the payee he cannot defend himself on the ground that the payee had no capacity to indorse it by reason of being an infant, a married woman, a bankrupt, a fictitious person, a corporation without legal existence," etc. (See, also, *Scott v. Parker*, 5 N. Y. Supp. 753).

We think, therefore, that the instrument was a promissory note payable to a fictitious payee, and having been negotiated by the maker, was payable to bearer; and there being an allegation that it was delivered to the plaintiff and that he is the owner and holder thereof, we think there was a sufficient statement of a cause of action. But even if the question should be raised as to the validity

of the instrument as a promissory note, this, as stated, would not be fatal to the plaintiff's right to the attachment.   As correctly urged by the respondent, considerations which are important only in connection with questions turning upon the negotiability of a note can have no bearing upon questions dealing wholly with the debt upon which the note is based ; and, though we should regard it as neither a promissory note nor negotiable, there is a statement in the affidavit of the existence of a valid indebtedness in favor of the plaintiff and against the defendant.

We have examined the cases upon the authority of which the appellant insists that if the instrument is not negotiable it could not be assigned or transferred by indorsement, and we find that no such question was therein determined.   *Richards* v. *Warring* (1 Keyes, 576) and *Cromwell* v. *Hewitt* (40 N. Y. 491) are not authorities for the claim advanced by appellant, that the instruments, if not negotiable, could not have been indorsed, and that such a statement, without other facts, is not an assignment of them to the plaintiff, nor would the title to them so pass to him.   In those cases the question was whether one who writes his name upon the back of a non-negotiable note was to be held by the holder as the guarantor or maker, and as to whether he was entitled to notice of demand or non-payment ; and they are authority for the proposition that if the person so sued was not an indorser of a negotiable note but could be held as guarantor or maker, a recovery could be had against him without notice of demand or non-payment.   Under our Code of Civil Procedure (§ 534), where one claims upon an instrument for the payment of money only, all that is necessary is to set forth a copy of the instrument and state the amount due thereon ; such an allegation is equivalent to setting forth the instrument according to its legal effect.   Here the plaintiff not only describes the instrument, but goes further and shows that it was negotiated by the maker for value, what payments were made thereon, the amount now due, and that plaintiff is now the lawful owner and holder thereof.   We think, therefore, that the affidavit on which the warrant was granted afforded *prima facie* legal evidence of the existence of a cause of action on a contract.

As to the presentation and reading of the judgment roll in opposition to the motion, since we attach no importance to the fact

FIRST DEPARTMENT, MAY TERM, 1895.            [Vol. 87.

and as no injury was done the appellant, because, in our view, the original affidavit upon which the warrant was based was sufficient, the question need not be discussed, further than to say that the contention of the appellant, that because the motion was founded only upon the papers on which the warrant was granted, no other papers could be employed to supply defects in the original papers, is supported not only by the cases in the Court of Appeals of *Trow's Printing, etc., Co.* v. *Hart* (85 N. Y. 500); *Steuben Co. Bank* v. *Alberger* (75 id. 179), and *Yates* v. *North* (44 id. 271), but also by the cases in this court of *Smith* v. *Arnold* (33 Hun, 484), and *Kahle* v. *Muller* (57 id. 144), and by the case of *Ladenburg* v. *Commercial Bank*,* herewith handed down.

The order, therefore, should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and PARKER, J., concurred.

Order affirmed, with ten dollars costs and disbursements.