## Daniel Stern v. Caroline Eichberg, Simon Sichel and Moses N. Strauss, Executors.

1. PROMISSORY NOTES—*Payable to an Estate.*—Promissory notes payable to an estate of a deceased person are valid not only as promissory notes, but also as evidence of an indebtedness, and are admissible in proof under the common counts.

2. SAME—*Sufficient Name of the Payee.*—Where the payee named in a promissory note was "the estate of Samuel Eichberg," it was held to afford a designation by which the payee can be ascertained, the maxim *Id certum est quod certum reddi potest* applying, and is competent as evidence of an admission of the maker's liability under the common counts.

Assumpsit, on promissory notes. Trial in the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Verdict and judgment for plaintiff; error by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed June 22, 1899.

BLUM & BLUM, attorneys for plaintiff in error, contended that there was no payee named who was capable of receiving payment; no payee who had the capacity of a person, either natural or artificial. It is essential to the validity of a promissory note that the payee should be clearly expressed

on its face.   Tittle v. Thomas, 30 Miss. 122; Blackman v. Lehman, 63 Ala. 553; Lyon v. Marshal, 11 Barb. 248; Bowles v. Lambert, 54 Ill. 237; Rich v. Starbuck, 51 Ind. 87; Norton on Bills and Notes, 62.

STERN & LOUER, attorneys for defendants in error.

The notes payable to the " estate of Samuel Eichberg," deceased, are valid promissory notes, and, furthermore, are competent evidence of the original indebtedness under the common counts.   Hendricks, Exr., v. Thornton, 45 Ala. 299; Shaw, Admr., v. Smith, 6 L. R. A. 348; Peltier v. Babillion, 45 Mich. 384; McKinney v. Harter, 7 Blackf. 385; Lewisohn v. Kent, 87 Hun, 257; Van Etten v. Hemann, 35 Mich. 513; Murray, Admr., v. East India Co., 5 B. & Ald. 204; Walrad v. Petrie, 4 Wend. 576; Osgood v. Pearsons, 4 Gray, 455; Smith, Admr., v. Smith, 2 Johns. 235; Ketchum, Exr., v. Ketchum, 4 Cow. 87; Patton, Admx., v. Melville, 21 Up. Can. (Q. B.) 263.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Defendants in error, who are executors of the last will and testament of Samuel Eichberg, deceased, brought assumpsit against plaintiff in error, declaring specially upon fifteen promissory notes of divers amounts, payable " to estate of Samuel Eichberg," becoming due at divers dates, with interest, and also in the common counts.   Plaintiff in error pleaded the general issue and two special pleas. Demurrer was sustained to the special pleas, and on a trial before the court and a jury, the court instructed a verdict for defendants in error for $4,800, which was returned accordingly, and after a remittitur of $40, the court rendered judgment for $4,760, from which this appeal is taken. No evidence was offered by plaintiff in error.

It is claimed, first, there could be no recovery because the notes declared on and offered in evidence are payable " to estate of Samuel Eichberg;" second, that there were material variances between the notes declared on and those offered

in evidence; third, that the court erred in refusing to allow
plaintiff in error to file a plea of non-joinder, after defend-
ants in error were allowed on the trial to amend the dec-
laration; fourth, that the court instructed the jury orally;
fifth, that the court erred in the admission of evidence; and
sixth, that the declaration does not aver that defendants in
error were executors, etc.

The first claim is not tenable. The notes were valid not
only as promissory notes, but were also evidence of an
indebtedness by plaintiff in error, and admissible in proof
under the common counts. Hendricks v. Thornton, 45 Ala.
299–309; Blackman v. Lehman, 63 Ala. 553; Peltier v. Babill-
ion, 45 Mich. 384; Walrad v. Petrie, 4 Wend. 576, Lewisohn
v. Kent, 87 Hun, 257; Shaw v. Smith, 6 L. R. A. (Mass.) 348.

This question as to whether the notes are valid, does not
seem to have been passed upon directly in this State. In
Bowles v. Lambert, 54 Ill. 237, the Supreme Court said,
with reference to an instrument, viz.—" I owe the estate of
Zenos Warden, $190.15. May 13, '63. Joseph Bowles,"—
that under the evidence in the case, the court inferred " that
it was intended only as a statement of the balance of his
account with the estate of Warden. It was evidence that
Bowles then owed the estate the sum specified therein. If
it was not a promissory note, but merely a statement of the
account, the subsequent settlement and the giving of the
note for $174.57 operated to cancel it," and reversed the
judgment because the evidence failed to sustain the verdict.

In the Hendricks and Peltier cases, *supra*, instruments
like the ones in question were held to be valid promissory
notes.

In the Blackman case, *supra*, the court said : " The payee
need not be named, but on its face the instrument must
afford an indication or designation by which he can be cer-
tainly ascertained; the maxim applying, *Id certum est quod
certum reddi potest.*"

In the Lewisohn case, *supra*, the court says on this ques-
tion there is a conflict of authority, but held that such an
instrument " was a promissory note payable to a fictitious

payee, and having been negotiated by the maker, was payable to bearer," and also that it was evidence of the existence of a valid indebtedness in favor of the plaintiff, to whom it had passed by indorsement.

In the Walrad case, *supra,* it was held that such an instrument was admissible in proof to sustain the common counts.

In the Shaw case, *supra,* decided in 1889, the court stated that two cases (relied upon by plaintiff here, Tittle v. Thomas, 30 Miss. 122, and Lyon v. Marshall, 11 Barb. 241–8) sustained the contention that such an instrument as the one at bar was not a promissory note, but held that " this is too strict an application of the doctrine that the person to whom a note is payable must be clearly expressed. It is an equally general rule that it is sufficient if there is in fact a payee who is so designated that he can be ascertained. *  *  *  It savors of too much refinement to hold that the instrument was not a valid promissory note for want of a sufficiently definite payee." The payee was " the estate of F. B. Bridgman." We will follow the later cases, which we consider are founded on principles of justice, and are the more reasonable.

As to the second and sixth claims, it is sufficient to say that the abstract of the declaration and evidence is so imperfect that we are unable to determine from it whether there was any error in the respects claimed. We have repeatedly held that appellant must show by his abstract that any error complained of was committed.

We think the third contention is not tenable, because while defendants asked leave to amend the declaration, no amendment was in fact made, and none was necessary so far as we are able to determine from the abstract.

The fourth claim can not be maintained, because the record shows the jury was instructed in writing.

We can not assent to the fifth contention. The copies of notes offered in evidence were sufficiently proved, and also the loss of the originals, which made the secondary evidence competent.

There was no prejudice, if it was error, to plaintiff in error by the admission of evidence as to sales of merchandise by Samuel Eichberg to the firms of Stern Brothers & Bisson and I. Stern & Co., of which firms it is claimed plaintiff in error was a partner, because, as we have seen, the notes, as notes, made a *prima facie* case of liability against plaintiff in error, and they were also evidence, by way of admission, of his liability under the common counts.

The judgment is affirmed.