## No. 8702.

### SCALA v. MINERS' & MERCHANTS' BANK OF OURAY.

1. PAYMENT—*Forged Endorsement.* A bank may not charge to the depositor an amount paid by it on a forged endorsement of the depositor's check, unless the payment is attributable to some fault of the depositor, or the money has actually reached the person for whom the depositor intended it.

The check was payable to a foreign Consul. The forgery was committed by his clerk. The clerk had for some time been authorized to endorse drafts and like instruments, for deposit. This not having been communicated to defendant, was held immaterial.

2. NEGOTIABLE PAPER—*Description of Payee.* That a check was payable to "The Royal Consulate of Italy", was held not to make it payable to bearer.

Any description of the payee by which he is reasonably identified is sufficient to bring the case within the protection of the rule against payment upon a forged endorsement.

*Error to Denver District Court, Hon. Neil F. Graham, Judge.*

Mr. GEORGE ALLAN SMITH, for plaintiff in error.

Messrs. DINES, DINES & HOLME, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

PLAINTIFF in error seeks to recover $661.80 from the defendant bank, upon the theory that it is liable to him for that amount, which it paid out on a check bearing a forged indorsement, from funds then held by the bank to his credit. The defendant received judgment in the court below, and that judgment is here for review.

The facts necessary to be considered are that plaintiff had on deposit with defendant certain funds belonging to an estate of which he was administrator. The amount was evidenced by a certificate of deposit to the order of plaintiff as administrator. It became necessary for plaintiff to remit $661.80 to the Italian Consul, at Denver, and he took. the certificate of deposit to the defendant bank to obtain a draft. To save the expense of exchange, he deposited the certificate to his personal credit, and mailed his personal check to the Italian Consul at Denver, payable to "The Royal Consulate of Italy."

The Consul General was away when the letter arrived, and it fell into the hands of a clerk, who forged the indorsement of the "Royal Consul General of Italy," and the name of the Consul, and followed this with his personal indorsement, and deposited it to his own credit in the Interstate Savings Bank, where he had an account, but where the Consul never had done any business. It was by that bank transferred to the First National Bank, Denver, which in turn presented it to defendant, by whom it was paid, and charged to the account of plaintiff. The clerk also forged the name of the Consul General to a receipt for the money and sent it to the County Court of Ouray County, where the estate of Rodigari was in process of settlement.

The peculation of the clerk was not discovered until the return of the Consul General, some three months later, when the defendant bank was notified of the forgery. Later a demand was made upon it for payment, and refused, and this action was brought.

The general rule as to liability of a defendant upon a forged indorsement is stated in 7 C. J. 686:

"As a bank is authorized to pay only to the person designated by the depositor, it can not charge against the depositor's account an amount paid by it on a forged indorsement of the depositor's check, unless such payment is properly attributable to the negligence or other fault of the depositor, or unless the money has actually reached the

person whom the drawer intended should receive it, or the drawer himself."

This principle is fully recognized and approved in *Boatsman v. Stockmen's Bank*, 56 Colo. 495, 138 Pac. 764, 50 L. R. A. (N. S.) 107. It follows, therefore, unless some circumstance can be found which prevents the application of the general rule, that defendant must be held liable.

It is urged that there are cogent reasons why the rule should not be applied, and the following facts are set up, among others, as making this case an exception, to-wit: That suit was brought by plaintiff as administrator, after he had been discharged as such; that he never had, as administrator, any funds in the defendant bank; that the refusal to pay the check, upon which refusal this suit is based, was refusal to pay a check signed by plaintiff as administrator when he had no account under that designation; that by implication at least the Italian Consul held out his absconding secretary as having power and authority to indorse his name to negotiable instruments; also, that the check bearing the forged indorsement was in reality payable to bearer.

As to whether an action different in form, or with different parties plaintiff or defendant should have been brought may not be considered, for the reason that it conclusively appears from the record, by agreement between the litigants and others in interest, that this action was brought in its present form as a means of definitely determining the liability of each under the circumstances. Also, when the check signed by plaintiff as administrator was presented for payment, the bank had full knowledge that it was presented for the purposes of this suit, and made no objection at that time to the form of the signature. It had knowledge that the funds in question were estate funds, and that plaintiff had drawn the first check for the purpose of transferring the money to a trustee. Therefore, defendant can not now be heard to object to mere questions of procedure, which in no way affect the merits of the case.

There is nothing in the record to support the contention that the clerk of the Consul was ever held out to defendant as authorized to sign the name of his employer to checks or any other papers. While there is testimony to show that the clerk had been, at some time prior to the forgery, empowered to endorse drafts and similar instruments for deposit, the giving of such power was never communicated to defendant.

Neither is there any ground for the contention that the check was payable to bearer. It was drawn to the "Royal Consulate of Italy," and the payee, while not expressly named therein, is manifestly otherwise designated with reasonable certainty. *Esley v. People of Illinois,* 23 Kansas 510; *State of Nevada v. Cleavland,* 6 Nevada 181. This question is discussed in 8 C. J. 171, as follows:

"It has been held that instruments designate the payee with sufficient clearness where payable to the trustees of a particular church, the manager of a particular bank, the treasurer of a certain municipality, the heirs of a named person, the heirs apparent being intended if the person is still alive; the trustees acting under the will of a named person, the trustees to be appointed by a certain convention, the executors or administrators of the estate of a named person; the guardians of a named person; the name of a steamship and 'owners'; 'the estate of' a named person, deceased; or the 'order of the person who shall thereafter indorse' the instrument."

The liability of a bank paying a check upon a forged indorsement was in question in *Goodfellow v. First National Bank,* 71 Wash. 544, 129 Pac. 90-92, reported in 44 L. R. A. (N. S.) 580, and the court, at page 582, held:

"The law imposes upon a bank on which a check is drawn payable to a certain person or order the duty of ascertaining the identity of the person therein named as payee; and it is only when the bank has been misled by some act of negligence or other fault of the drawer that it will be justified in making payment of the check to any other than the

person named therein as payee * * *" (citing numerous authorities).

Among the cases cited by the Washington Court, *supra*, is *Western Union Telegraph Co. v. Bi-Metallic Bank*, 17 Colo. App. 229, 68 Pac. 115. In that case the Court of Appeals, at page 233, said:

"The contract between the bank and the depositor is that it will pay out his money only upon and in accordance with his express direction. A check drawn in favor of a particular payee or order is payable only to the actual payee or upon his genuine indorsement, and if the bank mistakes the identity of the payee, or pays upon a forged indorsement, it is not a payment in pursuance of its authority, and it will be responsible."

After most careful consideration of all the facts connected with the transaction upon which this suit is based, we are unable to find anything to take the case out of the general rule, as set out in the authorities quoted. That plaintiff in error has a clear right of recovery, and that the bank is liable for the amount involved, is beyond peradventure. The judgment of the trial court is manifestly wrong and works a great injustice. It is therefore reversed and the cause remanded, with directions to enter judgment for plaintiff, according to the prayer of the complaint.

Judgment reversed and cause remanded with directions.

Decision *en banc*.

Decided February 4, A. D. 1918. Rehearing denied April 1, A. D. 1918.