# H. C. HANSEN v. NORTHWESTERN NATIONAL BANK OF MINNEAPOLIS AND ANOTHER.[1]

November 9, 1928.

No. 26,747.

**Certificate of deposit was payable to bearer.**
A bank issued its certificate of deposit payable to the order of Christian Hansen Estate. Under the provisions of § 9 of the uniform negotiable instruments act (G. S. 1923, § 7052) the certificate was payable to bearer.

Banks and Banking, 7 C. J. § 340 p. 648 n. 48.

Action in the district court for Hennepin county by the administrator of the estate of Christian Hansen, deceased, to recover the amount of a certificate of deposit payable to "Christian Hansen Estate" and cashed by the defendant banks. There was judgment, Baldwin, J. for the defendants, from which the plaintiff appealed. Affirmed.

*James E. Carr* and *J. J. Truax,* for appellant.

*Koon, Whelan & Hempstead* and *Charles H. Davis,* for respondent Northwestern National Bank of Minneapolis.

*J. O. Peterson,* for respondent Mackey J. Thompson as receiver of the Citizens National Bank of Albert Lea.

HOLT, J.

The appeal is by plaintiff from a judgment in favor of defendants. There is no settled case, and the only error assigned is that the con-

[1] Reported in 221 N. W. 873.

clusions of law and the judgment are contrary to the findings of fact and without support therein.

The facts found are in substance as follows:

Plaintiff, ever since 1920, has been and now is the administrator of the estate of Christian Hansen, deceased. On June 3, 1922, the defendant Citizens National Bank of Albert Lea, Minnesota, issued its certificate of deposit reading as follows:

"Certificate of Deposit.

"Not Subject to Check

"Albert Lea, Minn., June 3, 1922,                    No. 60030

"The Citizens National Bank of Albert Lea

"Christian Hansen Estate has deposited in this Bank $2,187.05 Twenty-one Hundred Eighty-seven Dollars Five Cents. Payable to the order of Self in current funds on the return of this Certificate properly endorsed.

"Oscar C. Olson,<br>"Cashier."

Thereafter, with the knowledge and consent of plaintiff, said defendant delivered the certificate of deposit to Axel A. Eberhart, who was the attorney for plaintiff as such administrator. On June 5, 1922, Eberhart deposited the certificate for collection in his personal account in the defendant Northwestern National Bank of Minneapolis, said certificate being indorsed as fellows: "Christian Hansen Estate. Axel A. Eberhart, Attorney for Christian Hansen Estate. Axel A. Eberhart." The latter bank presented the certificate for payment to the first mentioned bank on June 6, 1922. Payment was received and the amount placed to credit of Eberhart's personal account, and afterwards during that month all thereof was drawn out by Eberhart. When the certificate was deposited by Eberhart the defendant Northwestern National Bank had no notice of any infirmity in the instrument and took the same in good faith and for value. The court concluded from these facts that the certificate was payable to bearer and as such was transferable and

negotiable by delivery without indorsement. And also that the Northwestern National Bank was a holder in due course and was authorized to enforce payment against the Citizens National Bank, and the latter was required to pay the certificate when it was presented for payment by the former.

Section 9 of the uniform negotiable instruments act (G. S. 1923, § 7052) reads:

"The instrument is payable to bearer:   *   *   *   (3) When it is payable to the order of a fictitious or non-existing person, and such fact was known to the person making it so payable; or (4) When the name of the payee does not purport to be the name of any person;   *   *   * ."

Section 191 of the act (G. S. 1923, § 7235) defines the term person thus:

" 'Person' includes a body of persons, whether incorporated or not."

Christian Hansen Estate is not a person or a body of persons or a legal entity. In Scott v. Parker, 5 N. Y. S. 753, 754, it is said of a note payable to the order of the estate of William N. Beach:

"The note was in legal effect payable to bearer.   *   *   *   The estate of William N. Beach could neither speak, think, nor act. It consisted of certain inanimate and incorporeal things called 'property,' of which he died seized. The testator had no transaction with the defendants. They owed him nothing, and when he died they were not indebted to his estate. They could not become indebted to it after his death.   *   *   *   The note in suit must, in view of all the facts, be regarded as one payable to a 'fictitious,' for it is not payable to a 'real,' person.   *   *   *   The words 'estate of Wm. N. Beach,' as payee of the note, do not represent either an individual or a corporation, or any legal entity whatever."

The drawer or maker of the certificate of deposit here involved knew that Christian Hansen Estate, the payee, was not an existing person or legal entity, and under the decision cited the certificate

was payable to bearer. See also Tittle v. Thomas, 30 Miss. 122, 64 Am. D. 154; Lewisohn v. Kent & Stanley Co. 87 Hun, 257, 33 N. Y. S. 826. Such also appears to be considered the law in this state prior to the adoption of the uniform negotiable instruments act, for in McIntosh v. Lytle, 26 Minn. 336, 337, 3 N. W. 983, 37 Am. R. 410, Chief Justice Gilfillan says:

"Checks drawn payable to an impersonal payee, as to 'bills payable' or order, or to a number or order, are held to be payable to bearer, on the ground that that use of the words 'or order' indicates an intention that the paper shall be negotiable; and the mention of an impersonal payee, rendering an indorsement by the payee impossible, indicates an intention that it shall be negotiable without indorsement—that is, that it shall be payable to bearer."

Surely an estate must be classed as an impersonal payee. In decisions relating to other subjects than negotiable paper, this court has held the estate of a decedent as possessing "no legal personality." Estate of Columbus v. Monti, 6 Minn. 403 (568). It cannot be a grantee in a sheriff's certificate of sale, and was declared "neither a person nor a legal entity" in Kenaston v. Lorig, 81 Minn. 454, 457, 84 N. W. 323. But it is perhaps clearer that this certificate of deposit is payable to bearer under subd. 4 of § 9, viz: "When the name of the payee does not purport to be the name of any person." Within the definition of the act above quoted the "Christian Hansen Estate" was not a person. The maker or drawer of a negotiable instrument determines whether it is to pass current by indorsement of the payee or by simple delivery. In this case the Citizens National Bank was both drawer and drawee of the certificate. It knew that the estate was not a person or legal entity capable of indorsing the instrument or of assuming the obligations of an indorser. In American Exp. Co. v. Peoples Sav. Bank, 192 Iowa, 366, 369, 181 N. W. 701, involving forged indorsements upon drafts payable to fictitious parties of which the drawer had no knowledge, the court said:

"The intent of the drawer is the test, and this intention must necessarily arise from knowledge, and exist as an affirmative fact

in the mind of the drawer at the time of the delivery of the paper. The names of the payees in these drafts are not in the same category as 'cash,' 'bills payable,' 'expenses,' 'estate' and words of similar import."

In re Ziegenhein (Mo. App.) 187 S. W. 893, where the lower court sentenced Ziegenhein to prison for contempt of court in refusing as a distributee of the estate of Henry Ziegenhein to indorse drafts payable to the estate of Henry Ziegenhein, the proceeds from the adjustment of a fire loss under policies written to protect the estate. He was discharged on habeas corpus upon the ground among others that the drafts were payable to bearer and needed no indorsement. The court said [187 S. W. 895]:

"Our negotiable instrument law, by section 9980, Revised Statutes 1909, provides that an instrument is payable to bearer, '(4) when the name of the payee does not purport to be the name of any person.' That is the case here. These drafts are payable 'to the estate of Henry Ziegenhein,' and not to any person. Hence in requiring any indorsement by the petitioner or any one else on these drafts, it was requiring an unnecessary act."

We are of the opinion that the name of the payee—Christian Hansen Estate—clearly does not purport to be the name of a person; hence the certificate is payable to bearer.

Plaintiff relies upon Scala v. Miners & M. Bank, 64 Colo. 185, 171 P. 752; Stern v. Eichberg, 83 Ill. App. 442; McKinney v. Harter, 7 Blackf. (Ind.) 385, 43 Am. D. 96; Esley v. People of Illinois, 23 Kan. 510; Shaw v. Smith, 150 Mass. 166, 22 N. W. 887, 6 L. R. A. 348; Peltier v. Babillion, 45 Mich. 384, 8 N. W. 99. In none of these cases save the first was the question raised that the instrument was one payable to bearer. It was either the right of a holder to sue, or a challenge to the validity of the instrument or its negotiability because of the designation of the payee. The certificate of deposit here is conceded to be a valid negotiable instrument in the hands of any holder in due course. In the Scala case the point was made that the check payable to the order of "The Royal Consulate of

Italy" was a negotiable instrument payable to bearer, and hence the forgery of the indorsement by a clerk of the consul was unimportant. The court said [64 Colo. 188]:

"Neither is there any ground for the contention that the check was payable to bearer. It was drawn to the 'Royal Consulate of Italy,' and the payee, while not expressly named therein, is manifestly otherwise designated with reasonable certainty."

It was not a case of a fictitious or nonexisting payee, nor, as here, "when the name of the payee does not purport to be the name of any person."

No reference was made to the uniform negotiable instruments law of Colorado.

In view of the conclusion above expressed, we need not consider the effect of the finding that the certificate of deposit was delivered by the Citizens National Bank to plaintiff's attorney on June 5, 1922, with the knowledge and consent of plaintiff, and the attorney was suffered to collect and use the money, and no objection made until more than three years thereafter when the present action was brought.

The judgment is right and is affirmed.

STONE, J. (dissenting).

I agree that the estate of one deceased is not a "person" in any sense of the word. But I submit that the majority opinion ignores the fact that such an estate is always represented by one or more persons and that when a negotiable instrument is made payable to an estate the plain intention is that it shall be payable to such person or persons. That purpose would not be plainer were the instrument payable expressly to the "personal representative" of the estate, with or without naming him. Had the certificate of deposit now involved been payable to the "executor or administrator of the Christian Hansen Estate," his name not appearing, I do not understand that my brothers of the majority would hold it payable to "a fictitious or non-existing person" or that they would say that it was a case where "the name of the payee does not purport to be

the name of any person." I understand that they would not consider it payable to bearer any more than they would so hold as to a check payable to "the treasurer of Ramsey county." Suppose a man or group of men owned and operated a store known as the "Red Front Grocery," sent out their monthly bills under that name, and it was the habit of customers to make checks payable to the "Red Front Grocery." Literally the payee would not be a person at all, and no person or persons would be named. Yet the checks could not be payable to bearer. The makers plainly express the intention that they should be payable only to the order of the owners of the Red Front Grocery.

That is certain which can be made certain. So, unless we ignore the rule that its expressed intention governs the construction of such an instrument, we should hold that the maker of a negotiable instrument payable to the "Christian Hansen Estate" meant that it should be payable to the person who represents the estate; that he has designated him by description as definitely as though he had named him; and that such a description sufficiently answers the requirement that the name of the payee appear in order that the paper be not payable to bearer. In another view, it is in very essence a case where the paper is for the benefit of those owning the estate and so within the spirit of N. I. L. § 191 (G. S. 1923, § 7235) defining a person to include a "body of persons, whether incorporated or not."

It is ill-advised but a common habit nevertheless to make instruments run to an estate. Laws are made with such habits in mind. Lawmakers do not ordinarily ignore them and so make law which will trap the unwary. By a construction of the statute which is entirely reasonable and plainly within its spirit we could avoid the pitfall in the negotiable instruments law which will result from this opinion. The legal representative of the estate of one deceased is not a fictitious or nonexisting person, and making an instrument payable to such an estate is but another way of designating with certainty the representative of the estate and making it payable to him.

I recognize the force of the authority contra cited by Mr. Justice Holt. So far as it supports his conclusion it seems to me too much of a slavish adoption of a literal meaning contrary to the spirit which should control in the construction of a statute. Were the question to arise, independently of the negotiable instruments act, whether the legal representative of an estate could recover as the designated payee of an instrument payable only to the estate, nobody would question his right. Such a note would be "a valid instrument, and payable to the proper representative of the estate." Peltier v. Babillion, 45 Mich. 384, 385, 8 N. W. 99. Passing on such a note, the supreme court of Michigan went on to say:

"Such was the manifest intent of the parties, and there is no legal reason that we can discover to the contrary. There is no uncertainty about the intent."

The same result was reached in Shaw v. Smith, 150 Mass. 166, 168, 22 N. E. 887, 6 L. R. A. 348. There could be no doubt, the court said, that the promise to the estate of a named person deceased "was intended to be one of which the administrators could avail themselves. They were in existence, and were ascertainable. If the administrators of his estate had been made the payees, without naming them, there can be no shadow of question that it would have been sufficient. It savors of too much refinement to hold that the instrument was not a valid promissory note for want of a sufficiently definite payee."

In re Ziegenhein (Mo. App.) 187 S. W. 893, is criticized in Brannan, Neg. Inst. (4 ed.) 102. The author is of the opinion, citing Shaw v. Smith, 150 Mass. 166, 22 N. E. 887, 6 L. R. A. 348, and other cases, that the words used to designate the estate "should be held to be a descriptio personae of the representative of the estate" although, as he recognizes, a literal reading of the negotiable instruments act might lead to the contrary result. It is true that in Scala v. Miners & M. Bank, 64 Colo. 185, 171 P. 752, the negotiable instruments act is not mentioned, but the explicit holding was that there was no ground for the contention that the check drawn to "The Royal Consulate of Italy" was payable to bearer. Quoting

from 8 C. J. 171, the court put its decision upon the very sensible rule of law that instruments designate payees with sufficient clearness where they are "payable to the trustees of a particular church; the manager of a particular bank; the treasurer of a certain municipality; the heirs of a named person, the heirs apparent being intended if the person is still alive; the trustees acting under the will of a named person; the trustees to be appointed by a certain convention; the executors or administrators of the estate of a named person; the guardian of a named person; the name of a steamship and 'owners;' 'the estate of' a named person, deceased; or the 'order of the person who shall thereafter indorse' the instrument."

So it is because of my opinion that the certificate of deposit payable to the "Christian Hansen Estate" expressed the intention that it should be payable to the personal representative of his estate, just as plainly as though that representative had been named, that I cannot agree in the opinion of the majority.

HILTON, J. (dissenting).
I concur in the dissent.