## Bacher, Admx., v. City National Bank of Phila.

*Francis J. Morrissey, Jr.*, for plaintiff.
*Joseph W. Henderson*, for defendant.

SLOANE, J., February 21, 1942.—We dispose here of questions of law raised in the affidavit of defense.

Plaintiff brought this assumpsit action to recover from the defendant bank the amounts of two checks with interest. The statement of claim is the repository of the well-pleaded facts at this stage:

A building and loan association, in payment of indebtedness (the withdrawal value of shares), gave its two checks payable to the order of "Estate of Anna Hoffman". They were delivered to an attorney, employed by plaintiff administratrix for the Hoffman estate. Without the administratrix's knowledge or authorization, the attorney endorsed both checks thus: "Estate of Anna Hoffman, Wm. J. Ballen, attorney", and deposited them in his personal account with defendant bank. The bank gave the attorney's personal account credit for the amounts of the checks, and the sums were used by Ballen for himself.

Plaintiff seeks to place responsibility on the bank for the conversion.

The defendant bank, instead of answering to the merits of the case, raised questions of law: that the facts establish (1) the checks to be payable to bearer, transferable without indorsement; therefore, defend-

ant was justified in accepting the checks from Ballen for deposit to his account; and (2) that Ballen was a fiduciary, so that under the Uniform Fiduciaries Act defendant was not bound, on receiving checks for deposit to Ballen's personal account, to inquire whether or not he was thereby committing a breach of trust.

1. Section 9 of the Negotiable Instruments Law of May 16, 1901, P. L. 194, 56 PS §14, provides: "The instrument is payable to bearer: . . .

"3. When it is payable to the order of a fictitious or non-existing person, and such fact was known to the person making it so payable; or,

"4. When the name of the payee does not purport to be the name of any person . . ."

Defendant's first point of law is predicated upon both these subsections.

As to subsection 3, there is this to say: "Within the terms of the statute a name is fictitious when it is feigned or pretended, and a nonexistent person is one who does not exist in the sense that he was not intended to be the payee by the drawer": Commonwealth v. Globe Indemnity Co., 323 Pa. 261, 266 (1936). There is nothing fictitious about "Estate of Anna Hoffman"; certainly not in the sense of feigned or pretended. There is no disguise or imposition; the drawer of the checks was definitive in its intention that the "Estate of Anna Hoffman" be the payee.

As to subsection 4, we take the view that a check payable to the order of an estate purports to be to the order of a person. The designation is dependable enough to connote the person who acts in the place of the deceased—the legal representative of the estate, whether administratrix or other person. There is reasonable certainty about such designation (see section 8 of the Negotiable Instruments Law, 56 PS §12). We can admit perfectly that a check payable to the order of "cash", or "expenses", or "accounts payable", or "payroll", or "bearer", or "sundries", or other such

word, shows a payee that "does not purport to be the name of any person". As to these words and the like, the section is its own expositor and the meaning of the language plain. But the words "Estate of Hoffman" are far from the nonentity concept of the words just mentioned, and should not be subject to the same status or generalization; they are less impersonal and more exact.

We have no authority to go by in our jurisdiction for our view so far as our research shows and we know that our view is contrary to the majority opinion in Hansen v. Northwestern National Bank, etc., et al., 175 Minn. 453, 459, 221 N. W. 873 (1928),[1] and dicta of several others courts.[2] But we are not bound by those judgments, and we have support for our position in text and article: Brannan, Negotiable Instruments Law Ann. (6th ed. 1938), p. 226; Ames, The Negotiable Instruments Law. A Word More, 14 Harv. L. Rev. 442, 443, n. 3: "But surely it is a perversion of language to call the payee in such a note [Estate of A] a fictitious or non-existing person."

Prior to the adoption of the Negotiable Instruments Law, it was held that instruments drawn payable to

---

[1] In his dissenting opinion, Stone, J., stated: "That is certain which can be made certain. So, unless we ignore the rule that its expressed intention governs the construction of such an instrument, we should hold that the maker of a negotiable instrument payable to the 'Christian Hansen Estate' meant that it should be payable to the person who represents the estate; that he has designated him by description as definitely as though he had named him; and that such a description sufficiently answers the requirement that the name of the payee appear in order that the paper be not payable to bearer. . . . The legal representative of the estate of one deceased is not a fictitious or nonexisting person, and making an instrument payable to such an estate is but another way of designating with certainty the representative of the estate and making it payable to him."

[2] See In re Ziegenhein, 187 S. W. 893, 895 (Mo. App. 1916), Lewisohn v. The Kent & Stanley Co., 87 Hun 257, 259 (N. Y. 1895), American Express Co. v. Peoples Savings Bank, 192 Iowa 366, 369, 181 N. W. 701 (1921).

an estate were valid and were "payable to the proper representative of the estate": Shaw v. Smith, 150 Mass. 166, 22 N. E. 887 (1889); Peltier v. Babillion, 45 Mich. 384, 8 N. W. 99 (1881); McKinney v. Harter, 7 Ind. 385 (1845). Thus, in Shaw v. Smith, supra, at page 168, the court said:

"There could be no doubt that the promise was intended to be one of which the administrators could avail themselves. They were in existence, and were ascertainable. If the administrators of his estate had been made the payees, without naming them, there can be no shadow of question that it would have been sufficient. It savors of too much refinement to hold that the instrument was not a valid promissory note for want of a sufficiently definite payee."

And in Peltier v. Babillion, supra, at page 385, after holding the instrument payable to the personal representative, the court said:

"Such was the manifest intent of the parties, and there is no legal reason that we can discover to the contrary. There is no uncertainty about the intent, and there has been no change in the representative."

The intention of the drawer here is plain. In making checks payable to the order of "Estate of Anna Hoffman", the association intended the designation as a convenient method for identification of the personal representative. See Kulp, The Fictitious Payee (1920), 18 Mich. L. Rev. 296, 298. And our courts have held that:

"If a particular person is intended and designated as payee, it is immaterial to the drawer by what name he is called; he may endorse and payment to him will be good (as was decided in *Land Title & Tr. Co. v. Northwestern Nat. Bank*, 196 Pa. 230, 46 A. 420) because such payment accords with the drawer's intention": Commonwealth v. Globe Indemnity Co., supra (p. 270). See also Scala v. Miners' & Merchants' Bank, 64 Colo. 185, 171 Pac. 752 (1918).

We might add that soon after the majority decision in the Hansen case, contrary to our view, the Negotiable Instruments Law of Minnesota was amended to provide:

"An instrument payable to the estate of a deceased person shall be deemed payable to the order of the administrator or executor of his estate": Mason's Minn. Stats. (1940 Supp.) §7051, p. 1200.

An identical provision may be found in Illinois: Jones, Illinois Stats. Ann. (1935) vol. 16, §89.028. Such conclusion is reached under the terms of our Negotiable Instruments Law without specific statutory provision. That a legislature has amended a statute to deal specifically with a situation previously not precisely covered by it, is not necessarily a showing by that body of an intention to effect a change in preexisting law.

". . . enactments of any specific provision on a particular subject are not to be regarded as conclusive declarations that the law was different before": Endlich on Interpretation of Statutes (1888) §374, p. 521.

Such amendment may well be a clarification. See Commonwealth v. Jackson, 146 Pa. Superior Ct. 328, 333, n. 2 (1941). Cf. Philadelphia Housing Authority v. Turner Construction Co., 343 Pa. 512, 518 (1942).

Ballen was without authority to indorse checks made payable to the order of the estate, and therefore no property in the checks passed to defendant by Ballen's indorsement. By collecting them and crediting their proceeds to Ballen's account, defendant exercised such dominion over property not its own that it consummated a conversion for which it became liable to plaintiff, the payee, in this action of assumpsit: Lindsley et al. v. First National Bank of Philadelphia, 325 Pa. 393 (1937) (applying section 23 of the Negotiable Instruments Law, 56 PS §28).

2. Defendant's second point is based on section 9, of the Uniform Fiduciaries Act of May 31, 1923, P. L. 468, 20 PS §3393. That section provides:

"If a fiduciary makes a deposit in a bank to his personal credit of checks drawn by him upon an account in his own name as fiduciary; or of checks payable to him as fiduciary; or of checks drawn by him upon an account in the name of his principal, if he is empowered to draw checks thereon; *or of checks payable to his principal and indorsed by him, if he is empowered to indorse such checks*; or if he otherwise makes a deposit of funds held by him as fiduciary,—the bank receiving such deposit is not bound to inquire whether the fiduciary is committing thereby a breach of his obligation as fiduciary, and the bank is authorized to pay the amount of the deposit, or any part thereof, upon the personal check of the fiduciary, without being liable to the principal, unless the bank receives the deposit or pays the check with actual knowledge that the fiduciary is committing a breach of his obligation as fiduciary in making such deposit or in drawing such check or with knowledge of such facts that its action in receiving the deposit or paying the check amounts to bad faith". (Italics supplied.)

A "fiduciary" is defined as including ". . . a trustee, under any trust expressed, implied, resulting, or constructive, executor, administrator, . . . agent, . . . or any other person acting in a fiduciary capacity for any person, trust, or estate": section 1, 20 PS §3311.

We have decided that the checks deposited by Ballen were payable to the order of plaintiff, who was Ballen's principal at the time of the deposit. Assuming Ballen to be a fiduciary within the terms of section 1 of this statute, he could not endorse checks without authority. He had no such authority, hence defendant bank cannot seek the protective orbit of the Fiduciaries Act, and what it did remains an actionable conversion, to be relieved by this action.

The questions of law are dismissed. Defendant may file an affidavit of defense to the merits within 15 days hereof.