ELLA J. WARREN v. GREAT NORTHERN RAILWAY COMPANY.[1]

April 24, 1896.

Nos. 9877—(148).

**Liability for Fires—Verdict Sustained.**
*Held*, the verdict is sustained by the evidence.

**Appeal—Stipulation.**
Defendant stipulated on the trial that, if plaintiff was entitled to recover, she was entitled to recover a certain amount. By a subsequent stipulation of the parties, also made on the trial, it appeared that her damages were a much less amount; but defendant never asked to be relieved from its first stipulation, or attempted to show that it was induced to enter into the same by fraud or mistake, or that it was in any manner misled when it entered into the same. *Held*, defendant is not in a position to assail its own stipulation in this court.

Appeal by defendant from an order of the district court for Clay county, Searle, J., denying a motion for a new trial. Affirmed.

*J. W. Mason*, for appellant.

*Chas. S. Marden* and *M. R. Tyler*, for respondent.

CANTY, J. Plaintiff recovered a verdict against defendant as damages for the negligence of its sectionmen in setting a fire on its right of way, in the course of their employment, which fire, it is claimed, was negligently permitted to escape, and to spread over the prairie, until it reached plaintiff's property, some three miles away, and burned the same. Defendant appeals from an order denying its motion for a new trial.

1. It is urged as a ground for reversal that the verdict is not sustained by the evidence. It is conceded that the sectionmen set a fire in the angle between the side track and the main track

---

[1] Reported in 66 N. W. 984.

at Downer Station, the place in question, between 9 and 10 o'clock in the morning of September 25, 1894, the time in question, presumably for the purpose of burning up the dry grass and vegetation there, so as to prevent it from catching fire from passing trains, and spreading the fire to the adjacent lands. But it is claimed by appellant that the evidence conclusively shows that this fire was put out, and another fire was in some manner started in the afternoon, which spread and burned plaintiff's property.

We are of the opinion that the jury were justified in finding from the evidence, as they must have done, that the fire which the sectionmen set in the morning burned and smoldered, blazed up anew and again smoldered, continuously, in spite of the efforts of the sectionmen to put it out, until about 2:45 p. m., when it escaped across the track, and spread over the prairie, as before stated. If the jury believed the plaintiff's witnesses, they were justified in finding that there was fire and smoke continuously between these tracks during all this time, and that it was all to be attributed to the fire started that morning by the sectionmen. The evidence also tends to prove that there was a very high wind all day, and that the sectionmen were negligent in setting the fire, and in failing to extinguish it completely, during all the time it was so burning and smoldering, before it escaped and got beyond control.

2. Appellant also urges that it appears by plaintiff's own admission that her title failed to some of the property so destroyed by the fire, and that damages should not be allowed her for the portion which she did not own, as was done by the verdict.

At the opening of the trial, the parties made the following stipulation in open court: "It is admitted that the plaintiff was the owner of the property described, and that the same is of the value of $998.50; and, if plaintiff is entitled to recover, she will be entitled to recover that amount." At the close of plaintiff's case, the following admissions were made, and the following proceedings were had: "It is conceded that the title to the real estate described in the complaint was by the United States patented to Stephen Parks on the 16th day of April, 1890; that Stephen Parks and wife, on the 1st day of April, 1892, mortgaged the real estate described in the complaint to Gary Chambers, for $650, which mortgage was duly recorded; that on the 20th day of April, 1894, Chambers fore-

closed the said mortgage, bidding in the property for $788, and that there has been no redemption from said foreclosure sale; that on the 15th day of July, 1892, Stephen Parks and wife, by quit-claim deed, conveyed to the plaintiff, Ella J. Warren, the real estate described in the complaint; that said deed was duly recorded on the 10th day of October, 1892. It is agreed that, of this amount, $998.50, agreed upon as the value of the property described, $400 is for building and trees, and the balance for personal property. Plaintiff rests. Defendant now moves that this action be dismissed so far as it relates to the real estate, upon the ground that the plaintiff has not shown herself entitled to recover; but, upon the contrary, it appears that she has no right of recovery, which motion the court denied, and the defendant then and there excepted."

Appellant contends that, under this stipulation, the verdict is excessive to the amount of $400, and that the order appealed from should, for that reason, be reversed. The time to redeem had expired before the trial. It is admitted by the last stipulation that plaintiff has been awarded more damages than she appears to have suffered. But the award is strictly in accord with defendant's first stipulation that she is entitled to recover $998.50, if she is entitled to recover at all. Defendant has never applied to the court below to be relieved from this part of the first stipulation, and has never attempted to make it appear that it was induced to enter into the same through fraud or mistake, or that it was in any manner misled when it entered into the same. Defendant is not in a position to assail its own stipulation, and the order appealed from must be affirmed.

But under the circumstances, unless the purchaser at the foreclosure sale, or those holding his interest, release that interest to the defendant within five days after filing the mandate in the court below, by proper instrument in writing, leave is given to the defendant to apply to the court below to be relieved from its said first stipulation, and, in case it is so relieved, that a new trial be granted, unless plaintiff remit the amount that the verdict is found to be excessive.

Order affirmed, with costs and disbursements to respondent.