O'BRIEN v. BROTHERHOOD OF AMERICAN YEOMEN.

1. INSURANCE—EVIDENCE—CONSTRUCTION OF POLICY.

On the trial of an action upon a benefit certificate which defendant claimed was void for fraud, the trial court erred in excluding testimony tending to show that decedent's son had died within two years prior to the application, in which the insured represented that no member of her household had been affected with consumption within two years; the representation including deceased members as well as those living.

2. SAME—TRIAL.

The trial court committed error in leaving to the jury the question whether the policy was delivered on a date which the undisputed evidence showed was the date of delivery.

3. SAME—DEFENSES—EVIDENCE.

And the motion of defendant to direct a verdict on the ground that the testimony of its medical experts showed decedent was affected with tuberculosis at the time of making the application, should have been granted, where the only evidence offered to dispute their opinions was that of lay witnesses who stated that she looked well and was able to do housework.

Error to Wayne; Van Zile, J. Submitted October 15, 1913. (Docket No. 47.) Decided December 18, 1914.

Assumpsit by Thomas C. O'Brien, guardian of the estate of James O'Brien, an infant, against the Brotherhood of American Yeomen, a foreign corporation, upon a benefit certificate. Judgment for plaintiff. Defendant brings error. Reversed.

Jasper C. Gates (Mark T. McKee and Lewis Coumans, Jr., of counsel), for appellant.

Harry H. Wait, for appellee.

McALVAY, C. J.   Plaintiff, as guardian of James O'Brien, a minor, brought suit against defendant, an Iowa corporation, upon a certain fraternal insurance certificate issued by defendant association April 7, 1911, upon the written application of Elizabeth Downey, of Detroit, made April 3, 1911.   The original beneficiary named in such certificate was Elizabeth Downey, a daughter of the insured.   On or about May 13, 1911, on application by the insured, the beneficiary was changed to Michael James O'Brien, a grandson of the insured.   Elizabeth Downey, the insured, died July 12, 1911.   The suit brought upon this certificate resulted in a judgment in favor of plaintiff.   Defendant has brought the case to this court upon a writ of error.

The fraternal insurance certificate, which was also a certificate of membership, in terms states that it was issued and accepted in consideration of certain warranties, conditions, and agreements contained in the application of membership made and signed by the assured, which application is of great length and which need not be quoted verbatim.   It was made a part of the certificate sued upon, including answers to questions in the medical examination contained therein, which in terms were warranted by the insured as full, complete, and true, without evasion or concealment.   It was agreed that the application, together with the constitution and by-laws of the order, should form the full and only contract between the parties; and also contained the agreement that any untrue answer to any question on said application should immediately, without process, render the certificate issued thereon null, void, and forfeited, together with all amounts paid thereon.

One question in the medical examination of this application by Mrs. Downey is as follows:

"(21) Is any member of your household affected with consumption, or been so affected during the past two years?"

To this question she answered, "No."

During the trial defendant, in order to show that this answer was not true, and that Timothy Downey, a son of the insured, died of consumption April 5, 1909, within the two years covered by the warranty contained in answer to question No. 21 of the application, and for that purpose offered in evidence a certified copy of the certificate of death of Timothy Downey, the original of which purported to be signed by Elizabeth Downey, showing the date of his death and the disease of which he died, together with the medical certificate thereto attached, all certified by the department of health of the city of Detroit.

Counsel for plaintiff objected to the introduction of the same on the ground that it was—

"Incompetent, irrelevant, and immaterial. In the first place, it is not the best evidence; in the second place, it is immaterial under the issues in this case. There is nothing in the contract between the parties in this case to show that there was any warranty to the effect that any member of the family had not died within two years.

"*The Court:* Was there any living member of the family so affected?

"*Mr. Gates* (Counsel for Defendant) : No, I think not.

"*The Court:* I will sustain your objection."

Counsel for defendant thereupon excepted. From the above remark it is apparent the court's construction was that question No. 21 did not include any member of the applicant's household affected with consumption who had died from that cause within the two years preceding the date of the application.

We do not think that this question will bear such construction. Our construction is that it refers to all

who had been members of the applicant's household at any time during the preceding two years. Under the pleadings in this case, the evidence offered was material and relevant. This was a public record required to be kept by law, and a duly certified copy was admissible in evidence.

The benefit certificate upon which suit was brought contained the following, after the seals and signatures of the proper officers:

"Member adopted. Certificate delivered this 15th day of April, 1911."

Below this appears the following warranty signed by the insured:

"I hereby warrant that I am in good health and that no change has occurred in my condition as set forth in my application and I accept this benefit certificate and agree to all the conditions herein contained.
                    "ELIZABETH DOWNEY,
                         "Member Adopted."

The record shows that Clarence J. Williams, foreman of the homestead (which in most organizations is called a lodge) to which Mrs. Downey belonged, testified that he received this certificate April 15, 1911, and dated it as of that date; that Mrs. Downey did not sign it on that day; that he kept it from eight to fifteen days and then sent it to Mark McKee, the State manager of defendant. Mr. McKee testified that he gave the certificate to Thomas R. Hayes on April 28, 1911; Mr. Hayes, who at the time was an officer of defendant company, testified that after he received the certificate he took it to Mrs. Downey, who thereupon signed it and he delivered it to Mr. O'Brien at her request. As we understand the record, Mr. O'Brien is the father and guardian of the minor and the plaintiff in this suit. The foregoing testimony in relation to the delivery of the certificate to Mrs.

Downey and her signature to the warranty is all of the testimony in the case upon that subject.

The court, in submitting the case to the jury, charged as follows:

"I cannot say to you that this policy was delivered on the 29th day of April; that is a question for you to determine."

Defendant has assigned error upon such portion of the charge for the reason that it was contrary to the undisputed evidence in the case which, as already stated, showed that it was in fact delivered, signed, and accepted by her April 29th. In a motion made by counsel for defendant for a directed verdict, which will be considered later, the fact that the undisputed evidence in the case showed that this certificate was not delivered until April 29th was urged and argued at length. The court therefore was in error in charging the jury as quoted. The evidence upon the question was undisputed.

The record shows from the testimony of two reputable physicians, both of whom attended Mrs. Downey during her last sickness, that she died from pulmonary consumption. One of them testified that as early as the 15th of April she was suffering from that disease. He testified that he made a culture which developed germs of tuberculosis.

It is contended on the part of defendant that this testimony is undisputed as to the fact that she was suffering from this disease before April 29, 1911. Plaintiff urges that the testimony of several witnesses, all of whom were laymen, that during this time she was doing housework, was about the house, looked and acted well, contradicts the testimony of the expert witnesses and makes it a disputed question of fact. Under the circumstances of the instant case, in a disease of this character, the testimony of ordinary laymen, as these witnesses were, cannot be considered as

raising a disputed question of fact against the testimony of the character that was given in this case by reputable physicians based upon professional diagnoses and approved scientific tests.

The motion of defendant for an instructed verdict in its behalf on the ground that Mrs. Downey before and at the time of accepting the benefit certificate was not in good health and was suffering from pulmonary consumption should have been granted. The court was in error in denying it.

Plaintiff urges that defendant had waived the defense of any and all breaches of warranty contained in the policy, as shown by its correspondence with plaintiff's attorney. An examination of these letters discloses that they referred to the matter of proofs of loss necessary to get the claim in proper shape for presentation to the board of directors for consideration and do not constitute a waiver of the defenses relied on.

There are other questions discussed which do not require consideration.

The judgment of the circuit court is reversed, and no new trial will be granted.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.