# H. J. PICKERING v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

January 28, 1916.

Nos. 19,595—(191).

**Wilful negligence — meaning in Wisconsin and Minnesota.**

1. Under the common law of Wisconsin the term wanton or wilful or gross negligence, such as justifies a recovery though the plaintiff is himself negligent, imports a higher degree of delinquency than does such term under the law of Minnesota; and a charge giving the Minnesota law is erroneous when the Wisconsin law is the governing law.

**Contributory negligence.**

2. Under the evidence, applying the Wisconsin law, the defendant was not wantonly negligent so as to permit a recovery notwithstanding the negligence of the plaintiff.

**Same — question for jury.**

3. The question of the contributory negligence of the plaintiff under the Wisconsin law was for the jury.

**Theory at trial followed on appeal.**

4. The common law of Wisconsin as to wanton negligence was not pleaded; but the parties having tried the case upon the theory that the question of liability was determinable by the Wisconsin law it is so considered on appeal.

Action in the district court for Pine county by the administrator of the estate of John Madden, deceased, against Northern Pacific Railway Company and Great Northern Railway Company, to recover $10,000 for the death of his intestate while in the employ of the Great Northern Railway company. The separate answer of the Northern Pacific Railway Company alleged that under the common law of Wisconsin, as the same is interpreted by its supreme court, the presence of a railroad track is such an admonishment of probable danger that it is contributory negligence as a matter of law for a person to cross a railroad track without

[1] Reported in 156 N. W. 3.

first using his senses of hearing and seeing to the right and to the left, so as to discover any danger of an approaching train or car. The case was tried before Stolberg, J., who at the close of the testimony directed a verdict in favor of the Great Northern Railway Company, and a jury which returned a verdict of $3,000 against defendant Northern Pacific Railway Company. From an order denying its motion for judgment notwithstanding the verdict or for a new trial the Northern Pacific Company appealed. Reversed.

*C. W. Bunn* and *D. F. Lyons,* for appellant.

*Hurley & Hurley* and *W. P. Crawford,* for respondent.

DIBELL, C.

Action by the plaintiff to recover damages for the death of his intestate alleged to have been caused by the negligence of the defendant. There was a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment or for a new trial.

1. It is a contention of the plaintiff that the defendant was wantonly negligent, and that there can be a recovery though the plaintiff's intestate was himself negligent. Upon the question of wanton negligence the court gave two instructions. The first one was as follows:

"You are instructed that wanton negligence, whereby liability is incurred irrespective of plaintiff's negligence, is a failure after discovering his peril to exercise ordinary care to prevent the impending injury. In order for the jury to find wanton negligence in this case, it need not find intentional or malicious injury, or the reckless or wanton disregard of John Madden while in a position of peril."

It is conceded that the language of this instruction is a correct statement of the law of Minnesota. Anderson v. Minneapolis, St. P. & S. Ste. M. Ry. Co. 103 Minn. 224, 114 N. W. 1123, and cases cited; Gill v. Minneapolis, St. P. R. & D. Ele. T. Co. 129 Minn. 142, 151 N. W. 896. It is substantially that of Chief Justice Start in the Anderson case. The other instruction was as follows:

"Wanton negligence is something more than mere inadvertence. It is an absence of any care on the part of a person having a duty to perform to avoid inflicting injury to the personal rights of another, by recklessly or wantonly acting or failing to act to avoid doing such injury,

evincing such an utter disregard of consequences as to suggest some degree of intention to cause such injury. It evinces such disrespect of consequences as to show little short of actual intent."

This is a correct statement of the Wisconsin law. It is substantially the language of Justice Marshall in Astin v. Chicago, M. & St. P. Ry. Co. 143 Wis. 477, 128 N. W. 265, 31 L.R.A.(N.S.) 158. This case, with others, was in evidence in proof of the Wisconsin law.

An examination of the Wisconsin cases in evidence, including the one just cited, and a comparison of them with the Minnesota cases, indicate to us a radical difference in the legal conception in the two states of the degree of negligence, whether termed wanton or wilful or gross, which permits a recovery though the plaintiff is negligent. Expressions vary from case to case in Minnesota as they do in Wisconsin; but the two typical instructions quoted do not define the same legal conception. The term wanton or wilful negligence, such as permits a recovery by a plaintiff, himself negligent, imports in Wisconsin a higher degree of delinquency than in Minnesota. In Minnesota it is sufficient to charge a defendant with liability, if it be found from the evidence that, after seeing the plaintiff in a place of danger and peril, and having ability to avoid injuring him, he failed to exercise ordinary care to avoid doing so. This is not a true statement of the Wisconsin law. The second instruction would be erroneous if applied to a case in which the Minnesota law was the governing law; and it seems clear that the giving of the first one was erroneous in a case where the Wisconsin law was the governing law.

2. The next question is whether, applying the Wisconsin law, the evidence justifies a finding that the defendant was wantonly negligent.

The important facts are few. The defendant had two parallel tracks between Duluth and Superior. The plaintiff's intestate was walking on the westerly of the two tracks in Superior going northerly towards Duluth and towards his place of work for the Great Northern. An engine with its caboose was approaching on the same track from Duluth. An engine with its caboose was coming from the south on the easterly track. The Duluth train gave a warning signal and the plaintiff's intestate turned to the right between the two tracks which were about eight feet apart. The trainmen on both trains saw him. He was struck and killed by the engine

of the northbound train at or near the point where the two engines met. He did not get on the easterly track and apparently did not intend doing so. The two engineers were on the sides of their engines away from the intestate. Under the law of Minnesota it may have been a question for the jury whether the trainmen were not wilfully negligent in that they saw the plaintiff in a place of danger and failed to exercise ordinary care to avoid injuring him; that is, it may have been a question for the jury whether the situation was not such as to justify the jury in saying that the trainmen, having seen the defendant as they did, should have anticipated that their engines would meet at about where the plaintiff was, thereby putting him in a place of peculiar danger, and whether ordinary care did not require them to exercise further precautions for his safety. Under the Wisconsin law, as defined and applied in the cases in evidence, wanton negligence was not shown.

3. The defendant contends that under the Wisconsin law the plaintiff's intestate was guilty of contributory negligence as a matter of law. It relies upon the rule of law stated in White v. Minneapolis, St. P. & S. S. M. Ry. Co. 147 Wis. 141, 133 N. W. 148, which, with other cases, is in evidence in proof of the Wisconsin law. This was a railway crossing case. It is likely that the law of Wisconsin and that of Minnesota, relative to contributory negligence on the part of one about to cross a railway track, differ. Here, however, the situation was different. The intestate was not attempting to cross on to the easterly track. He was walking in the space between the two tracks which ordinarily would not be a place of great danger. It is quite likely that, if the engines had not met at the particular point where plaintiff was, no injury would have occurred. It was a question for the jury whether the deceased was negligent.

4. The defendant did not plead the common law of Wisconsin relative to wanton negligence. The case was tried upon the theory that the law of Wisconsin relative to wanton negligence was the governing law. It cannot now be successfully objected that there was not a sufficient pleading. 1 Dunnell, Minn. Dig. §§ 405, 406.

There was some confusion at the trial owing to the joinder of the Great Northern and the claim of its liability under the Federal Employer's Liability Act—a claim clearly unfounded and properly disposed of by the trial court's direction of a verdict. On a new trial, with similar

evidence, the question will be a simple one of the negligence of the defendant and the contributory negligence of the plaintiff as the factors determinative of liability.

Order reversed.          ——————————