## A. J. OLSON AND OTHERS v. WILEY MOULSTER AND ANOTHER.[1]

### June 1, 1917.

### Nos. 20,247—(83).

*Appeal and error — stipulated issue — change of theory.*

    1. Defendants having stipulated that an action to replevy property, in their possession at the time of the trial, should be submitted to the jury as an action for the conversion of such property, and the action having been so submitted, and a verdict having been returned for damages for the conversion of the property, they are estopped from thereafter asserting that it was error to submit the case upon that theory.

*Refusal of request to charge.*

    2. A request which asked the court to determine disputed questions of fact was properly denied.

[1] Reported in 162 N. W. 1068.

Action in replevin in the district court for Winona county to recover possession of an automobile or in case possession could not be had for $1,000 and $100 damages for the detention thereof.   Defendants interposed a counterclaim for $2,548.83.   The case was tried before Granger, J., and a jury which returned a verdict in favor of plaintiffs for $999. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed.   Affirmed.

*W. T. Valentine,* for appellants.

*Webber & Lees,* for respondents.

TAYLOR, C.

Plaintiffs sued in replevin to recover possession of an automobile. Defendants alleged that the machine had been sold to them by plaintiffs in payment of commissions due them for the sale of other machines, and rebonded and retained possession of it.   The evidence went into the dealings between the parties quite extensively and at its close the court, assuming that the action was for the conversion of the machine, did not instruct the jury in respect to the form of verdict appropriate in an action of replevin, but directed them to return a verdict in the form appropriate in an action for conversion.   Immediately and while the jury were still in the box, plaintiffs called the attention of the court to the fact that the action was in replevin.   But instead of permitting a correction of the charge, the parties forthwith stipulated that the action should be "submitted to the jury as an action in conversion, and that a verdict in the ordinary form of conversion be returned by the jury." Defendants took an exception to the refusal of the court to give their second request, but took no exception to the charge as given.   The jury returned a verdict for plaintiffs for the value of the machine.   Defendants thereafter moved for a new trial upon the sole ground that the verdict was for damages for a conversion of the machine, instead of in the form appropriate in an action to replevy it.   The motion was denied and they appealed.

Defendants admit stipulating that the cause should be submitted to the jury as if the action were in trover instead of in replevin, and that the jury should return its verdict upon that theory.   This stipulation made in open court having been acted upon, and a verdict having been

137 M—7

returned in the form prescribed therein, defendants are estopped from now questioning the propriety of the form of the verdict so returned.

Defendants' second request was improper in several respects, and giving it would have been error. It is sufficient to say that the request asked the court to determine disputed questions of fact, which, under the evidence, were questions for the jury.

The above are the only questions presented to this court by the record, and the order appealed from is affirmed.