JOHN L. BALES et al., Appellants, v. W. J. MURRAY, Executor, et al., Appellees.

JUDGMENT: Conclusiveness of Adjudication — Stipulation in
1  Lower Court. A solemn recital in the decree of the court that
certain facts were admitted in open court, and an agreement
made, limiting the range of the trial, makes a prima-facie case
on appeal, because the presumption is that the decree states the
truth; and, without relief obtained in the trial court from said
stipulation, a state of facts differing from the stipulation may
not be shown on appeal.

WILLS: Rights of Devisees—Bequest to Widow—Exemption from
2  Costs. Under a provision in a will giving the widow one half
of the value of all the property of the estate, in lieu of dower, and
giving her the right to select what property vested in her
thereunder, the bequest to her is a specific one, and is free from
costs of contest of the will and the general expenses of administration, where the assets are not insufficient to pay costs.

*Appeal from Hardin District Court.*—R. M. WRIGHT, Judge.

APRIL 14, 1919.

REHEARING DENIED JULY 2, 1919.

APPELLANTS complain because the trial court overruled objections made by them to the report of the executor and the executrix.—*Affirmed.*

*Hudson & Hudson* and *Davis & Cameron,* for appellants.

*E. H. Lundy, Dean W. Peisen,* and *W. H. Soper,* for appellees.

SALINGER, J.—I.  Many of the rulings now complained cannot be reviewed until we settle just what was controverted in the trial below. The decree recites that:

"It was agreed between all parties by consent of the court that the objections filed and the application of the

objectors should be construed to cover two grounds [stating them]."

The appellants contend that no evidence was offered, and that, therefore, the decision of the court is based entirely upon the reports made and objected to. The decree recites that it rests upon this agreement. If there was such agreement, this complaint is disposed of. Certainly, the agreement itself furnishes evidence whereon the court could act, so far as limiting review by it is concerned.

II. The appellants attempt to meet the situation by saying that "the alleged concessions and agreement * * * are nowhere of record, were not reduced to writing, and were only in the minds of the attorneys, and each attorney having a different conception and understanding of what they were. This became apparent, and was the reason for the withdrawal of any such concessions or agreements, more than a week before the entering of the order."

The thought seems to be that, because of the alleged reasons just quoted, the appellants were at liberty to withdraw whatever concession or agreement they had made, so long as they did so before the court consummated action upon the concession or agreement by entry of decree, and that they did withdraw whatever concession or agreement there was. There is nothing in the point that the alleged agreement may be found nowhere except in the minds of the parties to it, and that the agreement was not written out and formally made of record. A solemn recital in the decree of the court that certain facts were admitted in open court, and that an agreement there made limited the range of the trial, at the very least makes a prima-facie case, because of the presumption that the decree states the truth. "Recitals in judgment entries of material facts admitted or consented to" are conclusive until duly set aside. Bigelow on Estoppel (6th Ed.) 783.

1. JUDGMENT: conclusiveness of adjudication: stipulation in lower court.

If an attorney stipulates a fact when it is not the fact, he may be relieved from such stipulation upon a proper application in the trial court, but cannot be relieved from it by the Supreme Court. *Bonds v. Hickman,* 29 Cal. 460; *Warren v. Great Northern R. Co.,* 64 Minn. 239 (66 N. W. 984). The syllabus in this last case, written by the court, is this:

"Defendant stipulated on the trial that, if plaintiff was entitled to recover, she was entitled to recover a certain amount. By a subsequent stipulation of the parties, also made on the trial, it appeared that her damages were a much less amount; but defendant never asked to be relieved from its first stipulation, or attempted to show that it was induced to enter into the same by fraud or mistake, or that it was in any manner misled when it entered into the same. *Held,* defendant is not in a position to assail its own stipulation in this court."

The text in 36 Cyc. 1294, 1295, declares that, to warrant the court in interfering to relieve a party from a stipulation, there must be a showing of fraud, collusion, mistake, accident, or surprise; that it should not be set aside on less grounds than would justify the setting aside of any other contract. To the same effect is Bigelow on Estoppel (6th Ed.) 783. The said text in Cyc. continues that, while the court has power to relieve from a stipulation, upon proper application and a showing of sufficient cause, so doing is within discretion, and that:

"The exercise of judicial discretion cannot be invoked without cause shown; and on the other hand, the circumstances may be such that it will be error to grant the relief asked. An appellate court will not interfere with the decision of the lower court in regard to setting aside a stipulation, unless there is an apparent abuse of discretion."

Without relief obtained upon such application, a state of facts differing from what is stipulated may not be

shown. *Markley v. Western Union Tel. Co.,* 159 Iowa 557; *Luther v. Clay,* 100 Ga. 236 (28 S. E. 46, 39 L. R. A. 95, 97); 1 Encyclopedia of Evidence 473.

The law is plain. The question is, What have appellants done to bring their appeal within it? What they did do was just this: They filed a "Re-affirmance of Objections and Withdrawal of Agreements and Withdrawal of Understandings." In this paper, they assert that the parties moving "never intended to concede the correctness of all the receipts and expenditures of the said executor and the said executrix, but were simply passive as to the same, and believe the court should investigate these items and determine the correctness thereof for himself. * * * That, in view of the foregoing, and of the further fact that there seems to be a misunderstanding and confusion in the matter, and also as to other matters in which it is alleged there was an agreement between certain parties of the estate concerning the matters of said estate, * * *. they wish at this time to withdraw and disaffirm any and all alleged understandings or agreements as to said reports * * * concerning the receipts and disbursements of said estate (and certain other matters), and to leave all of said matters, as well as all other matters concerning said estate, for the decision and determination of the court in a lawful and legal proceeding and in an orderly way, all as by law and the statutes of the state of Iowa provided. Wherefore * * * they wish to reaffirm all objections made in said estate as hereinbefore mentioned; also they wish hereby to withdraw any and all alleged agreements or understandings in the matters of said estate as hereinbefore mentioned, and to place all matters in said estate for the determination of the court in a proper proceeding."

This statement was not verified, and no evidence was offered in its support.

Appellants urge that mistakes in settlement may be

corrected in the probate court at any time before final proof and discharge, and after that, by equitable proceedings and the showing of such grounds as justify the interference of the court.    Many decisions in this court and others are cited in support of this proposition, and they sustain it. This opinion adverts to some.    But that there may be such correction for mistake in settlement hardly establishes that, where it is found a party has limited the range of his suit by concession in open court, he is at liberty to withdraw this upon his naked claim that there was, say, a misunderstanding as to whether there was a concession, and, if there was, what it was.

II.    It follows the agreement and concessions made below were not effectively withdrawn, and that the court did not err in determining the case upon the facts stipulated in the agreement.    Therefore, the inquiry here is limited to these two questions:

(1) Should the costs made by contestants of the will and taxed in the district and in the Supreme Court, or any part of these costs, be taxed as costs of administration and be paid from the estate, and if so, from what fund or property?

(2) Should the interest of Sarah E. Bales, heretofore set off to her by order of court, or the income therefrom be diminished in any way on account of such costs of contestants or by the costs of administration, court costs, executor's fees, attorney fees, and expenses incurred in the administration of the estate?

2. WILLS: rights of devisees: bequest to widow.

The trial court held that the costs of the contest should be borne by the estate, and that the bequest to Sarah E. Bales should be free from the general expenses of administration, legacies, and the like, and it prescribed ways and methods to be followed in closing the estate.    It becomes necessary to consider some of the terms of the will under

which the executors were acting. It provides that the executors shall pay off and discharge all just debts, including expense of last sickness and funeral; that the bequest to Sarah E. Bales, the wife of testator, is in lieu of dower, and is one half in value of all property belonging to the estate, and that she be given the right to select what particular property shall vest in her by virtue of this bequest. No other provision in the will seems to be material to the consideration of this appeal. Appellee presents that the action of the trial court was right, because her bequest is a specific one.

A bequest of horses, and the like, is rendered specific by adding to each class designated the words, "her choice." *Everitt v. Lane,* 37 N. C. 548. So of a bequest which permits a selection from mortgages whose aggregate amount is several times that of the bequest. *Blundell v. Pope,* (N. J.) 21 Atl. 456. A legacy is specific, when it is the intention of a testator that the legatee should have the very thing bequeathed to him, and not merely a corresponding amount in value; and it is not liable to abatement for payment of debts, unless the assets are insufficient for that purpose. And it was held that a bequest of $500 "in personal property such as she may select" is a specific bequest. *Wallace v. Wallace,* 23 N. H. 149; and see *Wilts v. Wilts,* 151 Iowa 149, at 151, 152. In this case, there is no question of the sufficiency of other assets. The controversy is whether satisfaction shall be had out of the property devised or bequeathed out of other assets of the estate. To like effect as to what is a specific legacy and the effect of its being that is *Fontaine v. Tyler,* 9 Price 94, and *Richards v. Richards,* 9 Price 219.

It follows that, when the review is limited to what the trial court decided, its decree is right.—*Affirmed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.