# ANNA M. PAMPUSCH v. NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY.[1]

### January 30, 1920.

### No. 21,589.

**Insurance — stipulation of parties as to issue.**

> 1. At the trial the parties to an action on an insurance policy stipulated that the only question was whether the insured was in good health at the time of his reinstatement, and the case was tried and determined upon the theory that the only question was the one stated.

**Appeal and error — parties bound by theory of stipulation.**

> 2. A party making such a stipulation is bound by it, and when he adopts a theory upon which his case is tried and determined he must abide by it on appeal, and upon the facts stated the only issue was upon the fact of good health.

**Directed verdict proper.**

> 3. The evidence conclusively showed that the insured was not in good health at the time of his reinstatement, and the court rightly directed a verdict for the defendant.

Action in the district court for Ramsey county to recover $1,000 upon defendant's beneficiary certificate. The answer alleged that plaintiff was suspended from membership by reason of his failure to pay his assessments and dues for the months of May and July, 1917, before midnight on the last day of each month, and because his subsequent payment thereof was not made when he was in good health. The case was tried before Brill, J., who at the close of the testimony granted defendant's motion for a directed verdict on the ground that plaintiff had failed to make out a case against defendant and on the further ground that defendant had conclusively proven an absolute defense to plaintiff's claim. From an

[1]Reported in 176 N. W. 158.

order denying her motion for a new trial, plaintiff appealed. Affirmed.

*H. P. Churchill* and *A. J. Hertz,* for appellant.

*Harry S. Swensen,* for respondent.

DIBELL, J.

Action on a policy of life insurance. The court directed a verdict for the defendant. The plaintiff appeals from an order denying her motion for a new trial.

1. The policy in suit was issued to Peter R. Pampusch on October 28, 1908. His wife, the plaintiff, is the beneficiary. He died on August 15, 1917. His last assessment was paid on August 11, 1917. He was then in default and by the terms of the defendant's by-laws suspended. The by-laws provided that he could be reinstated upon paying arrearages, "provided, however, that he be in good health at the time of making payment." And it was further provided that "the payment of any such assessments and dues for reinstatement shall be a warranty by such member that he is in good health at the time of such payment: Provided, further, that the receipt and retention of such assessments and dues in case the suspended member is not in good health * * * shall not have the effect of reinstating said member," etc.

At the trial this stipulation was made:

"Stipulated by the parties that the payments by the deceased were made in time and that his membership was continued or he was reinstated, provided that he was in good health at the time the payments were made, and that the only question in the case is whether he was in good health at the time he made payments."

When the court rendered its decision upon the motion for an instructed verdict it said:

"It is conceded in this case, as I understand it, that the only question is the question of whether the deceased was in good health at the time the last payment was made to the defendant."

This statement provoked no protest. The parties understood the purport of it. The case was submitted and determined upon the theory that the only question was that stated by the court.

2. A stipulation made by a party in the trial of a cause, unless he is relieved from it, is binding upon him. Bingham v. Board of Suprs. of

Winona County, 6 Minn. 82 (136); Shaw v. Henderson, 7 Minn. 386 (480); Warren v. Great Northern Ry. Co. 64 Minn. 239, 66 N. W. 984; Olson v. Moulster, 137 Minn. 96, 162 N. W. 1068. And when he makes a concession or adopts a theory upon which his cause of action is determined he must abide by it upon appeal. Lindquist v. Gibbs, 122 Minn. 205, 142 N. W. 156; Farmer v. Studebaker Corp. of America, 126 Minn. 346, 148 N. W. 285; International L. Co. v. Bradley T. & Ry. S. Co. 132 Minn. 155, 156 N. W. 274; Pickering v. Northern Pac. Ry. Co. 132 Minn. 205, 156 N. W. 3; Northland Pine Co. v. Melin Bros. Inc. 142 Minn. 233, 171 N. W. 808, and authorities cited.

The plaintiff is bound by the stipulation and the theory adopted for the trial of the case, and the only question material is whether the deceased was in good health at the time the payment of August 11, 1917, was made.

This takes from consideration questions argued in the briefs not going to the issue of good health.

3. The insured was at Colorado Springs at the time of his death. Three physicians performed an autopsy. All of them testified that he had chronic valvular heart disease and chronic nephritis of substantially a year's standing. This diseased condition, from which he died, long antedated the last premium payment. The only other testimony relative to the health of the deceased was that of his regular physician who examined him frequently, and the last time some five months before, and found nothing wrong with his heart or kidneys, and considered him in good health, and that of several lay witnesses who testified as to his appearance of good health, and there was some evidence that he had suffered from lead poisoning years ago and that from time to time he had been on a diet for some ailment. There is nothing in the record casting suspicion upon the testimony of the three physicians performing the autopsy nor the accuracy of their finding. The trial court rightly held that as a matter of law the insured was not in good health. Murphy v. Metropolitan Life Ins. Co. 106 Minn. 112, 118 N. W. 355; O'Brien v. Brotherhood, 183 Mich. 86.

Order affirmed.