F. R. KLUCZNY v. ANTHONY M. MATZ AND OTHERS.[1]

September 30, 1932.

No. 28,981.

[1]Reported in 244 N. W. 407.

*Louis P. Johnson,* for appellant.

*A. R. English* and *Clarence J. Donnelly,* for respondents.

LORING, J.

The plaintiff has appealed from an order denying his motion for a new trial.

The suit was brought by the present guardian of the estate of Ignatious Chudzik to recover $847 upon a promissory note payable to the "estate of Ignatious Chudzik" and signed by the former guardian, Walter W. Panneck, and the respondent Anthony M. Matz.

Walter W. Panneck was the guardian of the estate of Ignatious Chudzik from February 10, 1914, until his removal April 20, 1931. During that period he received and misappropriated funds belonging to his ward to the amount of $847. It appears that early in 1930 the probate judge of Lincoln county became inquisitive about the funds belonging to the Chudzik estate and asked Panneck for an accounting. Panneck had converted the funds to his own use and sought to satisfy the court by getting Anthony M. Matz to become comaker with him on a note payable to the estate in the sum that he was short. In order to get Matz to sign the note Panneck represented to him that the funds of the estate had been lent to farmers at higher rates of interest than he could obtain through the bank; that these loans had not yet matured; that the judge of probate had called for an accounting and that it was necessary for him to file with the court some note or other security which would be held until the farmers' notes were paid, when the Matz note would be canceled and returned; and that Matz would incur no liability or ever have to pay this obligation. Induced by these false representations, Matz signed a note in the amount mentioned, payable to the estate, and it was placed in the files of the estate in the probate court and there remained until the trial of this action. It was due on March 17, 1931, about a month before Panneck was re-

moved as guardian and this plaintiff appointed in his stead. The court hearing the case without a jury made findings of fact and conclusions of law in favor of the defendants, the defendant Matz having set up in his answer that the note was obtained by fraud, was without consideration, and given for the accommodation of Panneck, the guardian.

It is provided by L. 1929, p. 488, c. 353, Mason, 1931 Supp. § 7051, that an instrument payable to the estate of a deceased person shall be deemed payable to the order of the administrator or executor of his estate. This statute in terms does not apply to guardianship estates, and we do not see that it would materially help the appellant if it did. Under the evidence and findings, it is very clear that no consideration passed to Matz as comaker, but that he signed the note entirely for the accommodation of Panneck, who was then guardian of the Chudzik estate and for whose benefit as guardian the note was signed. Under our decision in the case of Hansen v. N. W. Nat. Bank, 175 Minn. 453, 221 N. W. 873, 60 A. L. R. 605, such a note is the equivalent of one payable to bearer. Since Panneck as guardian was in reality in possession of the note, he was the bearer; and, inasmuch as the estate as such was not an entity which could be a payee of the note, the situation was the same as if the note had read payable to the personal representative of the estate. The probate court was not the bearer, nor was it the proper custodian of the assets of the estate. Jacobson v. Anderson, 72 Minn. 426, 75 N. W. 607. The note therefore remained the property of Panneck as guardian until his removal April 20, 1931, over a month after the due date thereof. It is conceded that the present guardian is in no better position to recover upon the note than Panneck himself would have been. He is therefore vulnerable to the defenses of want of consideration, fraud, and accommodation, all of which are found against him by the trial court upon sufficient evidence. The plaintiff contends that the fact that the note was given for the accommodation of Panneck is available only against Panneck as an individual and not against him as guardian, or against his successor in interest as such. With that contention we cannot agree. It was

as guardian that he was in default, and it was as guardian that he sought relief by obtaining the accommodation note. It is also contended that the defense of fraud is not available as against the guardian. Inasmuch as this suit is in effect one between the original parties to the note, that defense is as available as it would be between any original parties to such instruments. The estate has not been prejudiced by the interposition of this defense or of any of the defenses. Its relief against the guardian's bondsmen as far as this record shows is still available.

Other assignments of error have been considered but require no comment in view of the conclusions here arrived at.

The order appealed from is affirmed.