## CARRIE ENGEL v. MINNIE EUGEIA SWENSON AND OTHERS.[1]

April 6, 1934.

No. 29,838.

*John E. Hendrickson* and *Christian G. Dosland,* for appellant.
*James M. Witherow,* for respondents.

*LORING, Justice.*

In an action to determine adverse claims the plaintiff had judgment that she had a life estate in the premises described in the complaint and an undivided one-third interest in the fee. She has ap-

[1]Reported in 254 N. W. 2.

pealed to this court, claiming that she is the sole owner in fee of the entire premises.

The plaintiff was the third wife of Samuel A. Swenson. His second wife, Maggie Swenson, owned the premises involved in this action. Maggie Swenson left a will in which she devised the property to two of the defendants herein who were children of Samuel A. Swenson by his first marriage. In the proceeding to probate the estate of Maggie Swenson it was determined that the premises in question were the homestead of the deceased and that her husband, Samuel, had elected to take under the statute instead of the will and in consequence, there being no children of that marriage, the homestead was decreed to Samuel in fee. This was in May, 1896, and in 1930 the defendants Minnie and Ruth sought to set aside this final decree upon the ground of fraud. This action failed of its object and was dismissed upon the merits.

Samuel A. Swenson died in June, 1927, and these premises were decreed to plaintiff for life with remainder to defendants. Prior to his death Swenson had given a mortgage, this plaintiff joining him, on the premises here involved. After the failure of the two defendants to prevail in the fraud action, the husband of one of them purchased this mortgage and caused it to be foreclosed and the premises to be bid in for the entire amount of the mortgage. The plaintiff redeemed the premises and received the sheriff's certificate of redemption. She then brought this action, claiming that by virtue of such redemption she had become vested with the entire fee in the premises and that none of the defendants had any interest therein. The defendants answered, setting up their remainder after the expiration of plaintiff's life estate. The facts were stipulated, and the court at first made findings in favor of the plaintiff, but upon motion of the defendants found that the plaintiff was the owner of a life estate in the premises and an undivided one-third in the fee of the remainder. It is not clear from the record how plaintiff became entitled to the one-third interest in the fee, but she was decreed to be the owner thereof upon motion of the defendants, who are respondents here. The other two-thirds of the fee were adjudicated to be in the defendants as remaindermen, subject, however, to the right of

the plaintiff to be reimbursed for two-thirds of the amount paid by her in redeeming the property from the mortgage foreclosure. The defendants, pursuant to the court's findings and conclusions, have paid the two-thirds into court for the benefit of plaintiff. Much of the plaintiff's brief is devoted to the contention that the action by the two defendants to set aside the decree in the Maggie Swenson estate and the subsequent purchase of the mortgage which was foreclosed indicate a conspiracy to defraud the plaintiff of her rights in the property. There is, however, no finding by the court on this issue, nor did the plaintiff request any such finding.

■■■ Plaintiff contends that the action is not an equitable one and the defendants may not be granted equitable relief; but this court has held that in such an action the court may exercise its equity powers in granting whatever relief the nature of the case, upon the facts, may require, upon such terms and conditions as may be necessary to do complete justice. Stuart v. Lowry, 49 Minn. 91, 51 N. W. 662. Some contention is made that the defendants' pleading was not adequate to justify the determination of all the issues that were determined by the court in the action; but in this case the facts were stipulated and no objection made to the consideration of any of such facts under the pleadings. Therefore, whatever issues were presented by the stipulated facts must be considered to have been litigated by consent.

■ The redemption by the plaintiff served to wipe out the mortgage lien except as it might be kept alive by equity to preserve her rights against the other remaindermen for contribution. After the redemption she was entitled to reimbursement from the defendants in proportion to the value of their respective rights in the property, and it is the contention of the plaintiff that there is no evidence upon which the apportionment could be made. It is quite true that there is no evidence whatever in the record as to the value of the estate or as to the plaintiff's expectancy. There is, however, a determination that she is the owner of a one-third interest in the remainder after the expiration of her life estate. It follows that she would be liable for one-third of the cost of the redemption plus the present worth of her liability to pay interest, under the rule

laid down in In re Application of Lee, 171 Minn. 182, 213 N. W. 736. Therefore it is demonstrable that the plaintiff receives under the court's judgment more than she is actually entitled to.

Judgment affirmed.