## FREDERICK J. MILLER v. PHOENIX INSURANCE COMPANY OF HARTFORD, CONNECTICUT.[1]

May 18, 1934.

No. 29,967.

*William P. O'Brien* and *Austin L. Grimes,* for appellant.
*Frederick J. Miller* and *Leonard L. Sumner,* for respondent.

[1]Reported in 254 N. W. 915.

*STONE, Justice.*

After trial without a jury and a decision for plaintiff, defendant appeals from the judgment.

The suit is on a policy of insurance issued by defendant February 15, 1930, to "N. N. Bergheim, as administrator of the estate of Anna Olson, decedent, and her legal representatives." The Olson estate was then in course of probate, and Mr. Bergheim was the administrator. One Sandeen was the sole heir. October 30, 1931, the insured building, a dwelling, was destroyed by fire set by Sandeen. The act was that of an insane man. Hence the incendiarism is not urged as defense.

■ The policy was ordered reformed by the decision below so as to permit recovery by plaintiff as guardian of Sandeen, a conclusion well sustained by the evidence. The period of the policy was three years and the premium paid out of the funds of the estate. Mr. Bergheim testified that it was the intention to insure only his own interest as administrator. Other cogent circumstances in evidence deprive that statement of controlling effect. He himself as agent caused the policy (with another) to issue not alone to himself as administrator but also to the "legal representatives" of the Olson estate. So the policy on its face evinces the intention to insure not only the representative at the time being but also his successors, if any. No reason appears why Mr. Bergheim could have anticipated that the estate would remain in probate for anywhere near three years. His subsequent conduct was properly interpreted as indicating that he considered the insurance the property of Sandeen when the estate was closed. On its face the policy goes further than the personal interest of Bergheim as administrator. And no reason appears to make it less than the complete insurance paid for and properly found to have been intended. Bergheim's only interest was as trustee for the creditors, heirs, and devisees. Magoun v. Fireman's Fund Ins. Co. 86 Minn. 486, 91 N. W. 5, 91 A. S. R. 370. As a question of fact and nothing more, it is obvious that on this record it was properly found that the intention was to insure the interest of the beneficiaries. It was properly held that the policy was not intended to be confined to the mere purpose of protecting

Bergheim from possible liability as for the mere negligent failure to procure insurance. Mr. Bergheim was a lawyer. If as suggested by the record he knew that Sandeen was a pyromaniac, it is strange that the policy was not so written as expressly to exclude Sandeen's interest if that were the purpose. Sandeen became sole owner of the property upon Mrs. Olson's death, subject to the claims of creditors whose existence does not appear.

■ The complaint did not make a case for reformation. But the case was tried largely upon agreed facts, and the stipulation clearly presented that issue. With such a stipulation presenting such an issue, it is immaterial that the pleadings standing alone might not have made it. Olson v. Moulster, 137 Minn. 96, 162 N. W. 1068; Engel v. Swenson, 191 Minn. 324, 254 N. W. 2; Floyd v. Mann, 146 Mich. 356, 109 N. W. 679; Peters v. Farmers State Bank, 106 Kan. 1, 185 P. 892, 8 A. L. R. 1170; Anno. 8 A. L. R. 1172.

■ The policy was ordered reformed so as to make it payable to "the estate of Anna Olson, decedent." An "estate" cannot become party to a contract, because neither a person nor an artificial legal entity. Kenaston v. Lorig, 81 Minn. 454, 84 N. W. 323; Hansen v. N. W. Nat. Bank, 175 Minn. 453, 221 N. W. 873, 60 A. L. R. 605; Kluczny v. Matz, 187 Minn. 93, 244 N. W. 407. Compare Shaw v. Smith, 150 Mass. 166, 22 N. E. 887, 6 L. R. A. 348; Scala v. Miners & M. Bank, 64 Colo. 185, 171 P. 752. See also 8 C. J. 171. The policy should have been reformed so as to be made payable to the representatives of the estate and/or the heirs and devisees of the deceased as their interests might appear. But that is a mere defect of form. No question has been made of it here. If correction is needed, it should be made on motion below. The claim that the policy in question was by Bergheim assigned to Sandeen before the fire need not be considered because it is made immaterial by the reformation of the policy.

Judgment affirmed.