# WILLIAM ANDERSON v. HAWTHORN FUEL COMPANY AND OTHERS.[1]

December 18, 1936.

No. 31,113.

*Charles E. Carlson* and *Carl H. Wilson,* for appellant.

*Cobb, Hoke, Benson, Krause & Faegre, Paul J. McGough,* and *Nathan A. Cobb,* for respondent.

LORING, JUSTICE.

In a common-law action for negligence the plaintiff recovered a verdict against the fuel company and Fred Hammel. The jury found in favor of the defendant A. J. Hammel. The trial court ordered judgment notwithstanding the verdict both as to the company and Fred Hammel. Judgment was accordingly entered in favor of the company. It does not appear whether it was also entered in favor of Hammel. Plaintiff comes here on an· appeal from the judgment in favor of the company.

Plaintiff was injured while riding on a truck driven by Fred Hammel, who was delivering coal for the fuel company. Plaintiff had part-time employment for the company in assisting in loading

[1]Reported in 270 N. W. 146.

trucks and in unloading cars at its yard and occasionally going out with trucks where coal had to be carried to customers' bins or shoveled back in the bins. Each morning that he sought employment plaintiff would report at the company's place of business and await, in the locker room, the call of Edwards, the yard superintendent. He received no pay except for the hours that he worked, and there were days when he did not work at all. Defendant Fred Hammel was a small independent coal dealer who occasionally hauled coal by the ton for the company.

The evidence for plaintiff tends to prove that plaintiff, prior to his injury, many times rode with Hammel and others when there was no carrying or shoveling to do, but always at the suggestion of Edwards. Whether this was in the expectation that there might be work to do is not disclosed by the record. When there was no carrying or shoveling to do plaintiff was not paid. When there was such work he was paid. Plaintiff's answer to a question calculated to bring out his purpose or expectation on the occasion when he was injured was stricken out on defendant's motion.

Plaintiff did his last work for the company on the second of February, and apparently from that time until he was injured there was no more work for him either in the yard or with trucks. February 6, 1935, he went to the company's locker room as usual. Sometime during the morning Hammel and Edwards went to the locker room and there had a conversation which plaintiff did not overhear. When the conversation terminated, Edwards, according to the plaintiff's testimony, turned to plaintiff and asked him to accompany Hammel on his truck. Apparently plaintiff did not assist Hammel in loading but, when he was ready to drive away with the coal, mounted the truck with Hammel, and while on the way to his destination Hammel tipped the truck over under circumstances which would justify a jury in finding that he was negligent and that plaintiff was not.

April 5, 1935, plaintiff commenced a compensation proceeding before the industrial commission of Minnesota alleging that he was in the employ of the defendant company on that day. The employment was denied by the respondent in its answer and upon the

hearing in that proceeding. This common-law action for negligence followed. The complaint alleged a cause of action upon the theory that the plaintiff was an invitee but not an employe of the defendant. The answer set up the proceeding before the industrial commission and that it was still pending and undetermined and alleged that by instituting such proceeding plaintiff had surrendered his right to any form or amount of compensation other than as provided by the workmen's compensation act, and further alleged that he was estopped from setting up that he was not in the employ of the company at the time of the accident. It alleged that the district court had no jurisdiction of the action insofar as it affected the defendant company. In the plaintiff's reply he set up that before the industrial commission defendant company had denied the employment.

When the case came on for trial, as a result of a colloquy between counsel, the defendant's counsel made the following statement into the record:

"The record may show, as far as that is concerned, that plaintiff William Anderson was not in the employ of the Hawthorn Fuel Company at the time this accident occurred.

The Court: "Is that sufficient, Mr. Carlson?

Mr. Carlson: "Well, my understanding was, from conversation with counsel, that all matters that had been alleged in the pleadings with reference to the compensation act would be out and would not be raised on the trial of this case, that it came under the terms of the compensation act.

Defendants' counsel: "That is true; that is true; there is no question about that."

It is difficult to see how a stipulation in open court could more clearly eliminate the issue of employment from the pleadings and from the trial. In the language of the counsel for the defense: "There is no question about that." There is nothing loose or vague or incomprehensible about this agreement between counsel. There was an open question of fact on the issue of employment. From the hearing before the commission each knew what the testimony

would be, and each apparently considered that he could win before the jury on the question of fact which would ultimately be submitted. The defendant company apparently hoped and expected to avoid liability under the compensation act as well as to succeed in the common-law action then before the court. Plaintiff was apparently equally confident that he could win on the issue of whether or not he was an invitee, and thus perhaps gain a larger verdict and judgment than he could get under the compensation act. Notwithstanding this very clear agreement, the defendant company, at the close of plaintiff's opening statement, moved for judgment on the pleadings and the opening statement upon the grounds that it showed that the plaintiff was an employe, and the motion was denied. Again, at the end of the plaintiff's testimony the fuel company rested provisionally and moved for a directed verdict. This was denied, and when the motion was renewed at the close of all the testimony, after some discussion by counsel, the court announced:

"If it is on that particular fact, the question of employment, I do not think that is in the case."

On the closing argument for plaintiff the following took place:

Mr. Carlson: "If I have understood their situation correctly, they say that we have five defenses; first, that he was an employe, and consequently came under the workmen's compensation act.

Mr. McGough: "Now, just a moment. I dislike to interrupt counsel, but in view of the court's ruling, I ask him to instruct counsel to desist, and ask the court to instruct the jury to disregard it.

The Court: "That is not in the case."

In our opinion, the parties undertook to and did stipulate that the inferences to be drawn from the testimony did not in fact create the relation of employer and employe, and no question is raised as to their power so to stipulate. The consequence is that if the jury believed that the plaintiff was asked by Edwards to ride with Hammel he was there as an invitee and not as an employe. As such, the defendants owed him ordinary care. Gilbert v. Megears,

192 Minn. 495, 257 N. W. 73, Hunter v. C. St. P. M. & O. Ry. Co. 180 Minn. 305, 230 N. W. 793, 231 N. W. 920.

The judgment of the lower court is reversed and the verdict reinstated as to the company.