## OSCAR W. OLSON v. GOPHER STATE BENEVOLENT SOCIETY.[1]

July 22, 1938.

No. 31,597.

[1]Reported in 281 N. W. 43.

*Philip L. Scherer,* for appellant.

*Elmquist, Felhaber & Elmquist,* for respondent.

PETERSON, JUSTICE.

Appeal by plaintiff from an adverse judgment entered after findings of fact and conclusions of law made upon an agreed set of facts which establish the following: Defendant is an incorporated benevolent society, organized under 2 Mason Minn. St. 1927, §§ 7892-7900. A by-law provides that the membership of the corporation "shall be divided into units, and the membership thereof shall not exceed fifteen hundred, and each unit shall be numbered 1, 2, 3, or special units 1, 2, 3, etc., as the board of directors may designate * * * The business of each unit shall be conducted the same as if such unit constituted the entire membership of the corporation."

Andrew Isenberg became a member of the society, and on October 1, 1932, a membership certificate was issued to him as a member of "Special Unit No. 1," naming his son, Hjalmer Isenberg, beneficiary. Thereafter plaintiff, Andrew Isenberg's son-in-law and sole means of support, applied for and received a certificate issued upon the membership of Andrew Isenberg as a member of "Senior Unit No. 1," naming plaintiff beneficiary. July 11, 1933, Andrew Isenberg died. Defendant paid Hjalmer Isenberg $514.80, agreed upon as defendant's total liability on that certificate. Defendant refused to honor the certificate naming plaintiff as beneficiary, claiming that certificate unenforceable because the society had no power to issue more than one certificate upon the life of a member.

The parties stipulated: "That if the defendant corporation is authorized to issue more than one certificate as it has done, then as a fact it has waived this condition and is now estopped from denying liability, and we are leaving that issue to the court * * *" The conclusion of law was that defendant was not liable on the policy.

Only those matters submitted in the court below can be considered here. The only issue submitted below is that of estoppel

to deny liability, concededly resulting if defendant had power to issue more than one policy to the same member. All other questions are out by the stipulation. Defendant now asks us to consider such questions as lack of insurable interest and that plaintiff is not within the eligible class of beneficiaries. These are fact questions which, if they had been litigated, might have been answered in favor of plaintiff. But since the parties took them out of the case below, we will not consider them for the first time on appeal. The stipulation defined the issues. Bingham v. Board of Supervisors, 6 Minn. 82 (136); Warren v. G. N. Ry. Co. 64 Minn. 239, 66 N. W. 984; Pampusch v. National Council, 145 Minn. 71, 176 N. W. 158; In re Guardianship of Kaplan, 187 Minn. 514, 246 N. W. 5; Anderson v. Hawthorn Fuel Co. 198 Minn. 509, 270 N. W. 146.

■ Defendant had power to issue two certificates on the life of Isenberg. The statute in force when the certificates were issued contained no express provision governing the matter. No statute expressly authorized or prohibited the issuance of more than one membership certificate to a member. The by-law of defendant divided memberships into units so that each unit was self-sustaining and carried its own insurance as if it were a separate corporation. The additional membership fees were to the benefit of defendant's entire membership. "The business of each unit" certainly comprehended obtaining memberships. That the business was to be conducted as if the unit constituted the entire membership of the corporation impliedly at least permitted members of one unit to become members of another unit.

The certificate was issued on June 10, 1933. Two days later, June 12, 1933, L. 1933, c. 241 (3 Mason Minn. St. 1938 Supp. §§ 3445-1 to 3445-24) became effective. The statute regulates benevolent societies. Section 15 provides: "No assessment benefit associations shall issue to any member more than one certificate in any one group or class. * * *" Defendant contends that it did not have power to issue the second certificate in the absence of such a statute. Its argument is that the statute confers such power, which is not existent without statutory provision. The answer is,

first, that prior to the effective date defendant had power under 2 Mason Minn. St. 1927, §§ 7893-7894, to determine the terms of admission to membership and the amount of contributions required of its members, and to establish by-laws and regulations for the management of its affairs; and, second, that § 15 of c. 241 is not a grant, but a limitation upon power possessed by such corporations. It is clear that the powers possessed by defendant under the statute authorized it, as it had done, to divide its membership into units and to provide that each unit shall be self-sustaining as a business entity. The limitation is in conformity to the insurance practice of defendant and some other societies engaged in the business when the statute was adopted. Instead of effecting a change in the law, the statute merely adopted an existing practice thought to be in conformity with sound insurance standards in such societies, as a limitation upon the issuance of such policies. Plaintiff was entitled to judgment.

Reversed with directions to amend the conclusions of law so as to provide that judgment be entered in favor of plaintiff.

