In re ESTATE OF Chris BOYSEN.

Genevieve THOMPSON, contestant,
Appellant,

v.

Raymond BOYSEN, proponent,
Respondent,

No. C4–83–1263.

Court of Appeals of Minnesota.

July 17, 1984.

Mary Walbran, Owatonna, for appellant.

Robert DeVinny, Rochester, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellant Genevieve Thompson appeals from an order 1) denying a petition for adjudication of intestacy and 2) finding the 1975 will of Chris Boysen was not revoked. We reverse.

## FACTS

The decedent, Chris Boysen, died April 10, 1977. He was survived by two children, Raymond Boysen and Genevieve Thompson. Decedent executed a will in 1964 which was filed with the clerk of probate court of Dodge County. When later informed the 1964 will was missing and presumed lost, he executed a second will on May 13, 1975. The 1975 will, which specifically revoked the earlier will, was also filed with the clerk of probate court.

In June 1975, Boysen's attorney, James Mork, was informed the 1964 will had been found. Mork notified his client and retrieved the 1975 will on February 2, 1976. It was returned to Boysen, who tore it in two in the presence of his son, respondent Raymond Boysen. Boysen gave the will to Raymond, saying that if the 1964 will had not really been found, the 1975 will indicated his intentions.

After decedent's death, the 1964 will was filed for probate. Appellant Genevieve Thompson objected, arguing the 1964 will had been revoked by the later will and was not revived. The probate court admitted the 1964 will and on appeal was affirmed by a three judge panel. The Supreme Court reversed and remanded and said:

> The question under section 524.2–509(a) is whether a testator, at the time he revoked a will, intended to die intestate or to revive an earlier will. We believe that in allowing the trier of fact to consider "the circumstances of the revocation" when deciding this question the legislature meant to permit an exami-

nation of all matters relevant to the testator's intent. Accordingly, the trier of fact should consider the following:

1. Did the testator, at the time he revoked the later will, know whether the earlier will was in existence?

2. If the testator did know that the earlier will was in existence, did he know the nature and extent of his property and the disposition made of his property by the earlier will, particularly with respect to persons with a natural claim on his bounty?

3. Did the testator, by action or non-action, disclose an intent to make the disposition which the earlier will directs?

Only if these questions are affirmatively answered should the earlier will be admitted to probate. Because these questions were not addressed below, the district court's order must be reversed and this case remanded for a new trial. By remanding the case we do not intimate an opinion regarding the ultimate result.

*In Re the Estate of Boysen,* 309 N.W.2d 45, 48 (Minn.1981).

On remand, the parties stipulated "that the 1975 will of Chris Boysen was legally and validly destroyed[.]"

On March 17, 1983, the trial court found the 1964 will was revoked and not revived. It left for later determination the question whether the decedent died intestate or whether the 1975 will was valid. This order was not appealed. On July 21, 1983, the trial court found the revocation of the 1975 will was dependent upon revival of the 1964 will. Because the 1964 will was not revived, the trial court concluded the 1975 will was effective.

### ISSUE

Did the trial court properly determine that the 1975 will was effective and valid?

### ANALYSIS

█ 1. Appellant argues the trial court improperly questioned revocation of the 1975 will, which the parties had stipulated

was destroyed. We agree. At retrial, the parties specifically limited the issue to decedent's intent to revive his 1964 will. At the initial trial in 1977, the parties agreed the 1975 will was destroyed and revoked.

A stipulation made by a party in the trial of a cause, unless he is relieved from it, is binding upon him, and when he makes a concession or adopts a theory upon which his cause of action is determined, he must abide by it on appeal.

*Amundson v. CloverLeaf Memorial Park Ass'n.,* 221 Minn. 353, 358, 22 N.W.2d 170, 172 (1946) (citing *Olson v. Gopher State Benevolent Soc'y,* 203 Minn. 267, 281 N.W. 43 (1938), *Pampusch v. Nat'l Council,* 145 Minn. 71, 176 N.W. 158 (1920)).

█ 2. Questioning the revocation of the 1975 will was also barred by the law of the case.

Where a question of law is decided on appeal, it becomes the law of the case, which the trial court is bound to follow on a new trial and the appellate court will not re-examine on a subsequent appeal.

*Nees v. Minneapolis Street Ry. Co.,* 221 Minn. 396, 397–98, 22 N.W.2d 164, 164 (1946) (quoting *State v. Prickett,* 221 Minn. 179, 182, 21 N.W.2d 474, 475 (1946)). The supreme court held decedent's 1975 will was revoked. *Boysen,* 309 N.W.2d at 47. The issue of revival of the 1964 will arose because it was conceded the 1975 will was revoked. The case was remanded with specific instructions to the trial court to determine whether Boysen intended to die intestate or to revive his 1964 will. The trial court may not vary the mandate of the supreme court or decide issues beyond those remanded. *Halverson v. Village of Deerwood,* 322 N.W.2d 761, 766 (Minn. 1982).

To permit a trial court to disobey in the slightest degree the mandate of [the supreme court] would inevitably disrupt the harmonious operation of our entire judicial system and produce disorganization and incalculable confusion.

*Tankar Gas, Inc. v. Lumbermen's Mut. Cas. Co.*, 215 Minn. 265, 271, 9 N.W.2d 754, 758 (1943).

■ 3. On remand, when the trial court determined decedent did not intend to revive his 1964 will, the only permissible conclusion remaining was that he died intestate. The trial court was bound by the stipulation of the parties and the instructions of the supreme court that the 1975 will was revoked and to determine only if the 1964 will was revived.

## DECISION

Because the trial court properly concluded there was no revival of the 1964 will, the petition for an adjudication of intestacy should have been granted.

Reversed.